**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THE CONNECTORS REALTY GROUP CORPORATION, DARRYL WILLIAMS, and ANTOINE NASH, | |
| Plaintiffs, | Case No. 19-cv-00743 |
| | Honorable Charles P. Kocoras |
| v. | |
| STATE FARM FIRE & CASUALTY COMPANY, | |
| Defendant. | |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S**
**PARTIAL MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), Defendant State Farm Fire and Casualty Company ("State Farm") respectfully moves the Court to dismiss with prejudice Counts VIII and IX of Plaintiffs' Complaint (Dkt. 1)[1], which purport to assert claims under 42 U.S.C. § 1981, and Count VI of the Complaint, which asserts a time-barred breach of contract claim. In support of this Motion, State Farm states as follows:

1. Plaintiff The Connectors Realty Group Corporation ("Connectors"), through its owner Darryl Williams, filed six insurance claims under its State Farm business owners insurance policy, first issued on January 5, 2017, for damage allegedly incurred to a mixed-use commercial property in Chicago from weather events in January and April 2017 and from thefts and/or vandalism in February and April 2017.

---

[1] Although the Complaint caption identifies Darryl Williams, the owner of Plaintiff The Connectors Realty Group Corporation, as a Plaintiff, the Complaint does not in fact purport to assert any claims on behalf of Mr. Williams.

2.      Plaintiff Antoine Nash filed an insurance claim under his State Farm homeowners insurance policy for a theft that allegedly occurred from his property in October 2017.

3.      Plaintiffs assert that State Farm denied their claims or failed to pay them in full because of race in violation of 42 U.S.C. § 1981.

4.      Plaintiffs' Section 1981 claims (Counts VIII and IX) should be dismissed with prejudice because neither Plaintiff alleges facts demonstrating that race was the reason for State Farm's actions.

5.      Connectors also asserts a claim for breach of contract (Count VI) based on State Farm's denial of its February 4, 2017 theft and vandalism claim.

6.      Connectors' breach of contract claim alleged in Count VI should be dismissed with prejudice for failure to bring suit within the time period set forth within the policy.

7.      Plaintiffs' assertion of claims under 42 U.S.C. § 1981 serves as the basis for federal subject-matter jurisdiction over this action.  There is no independent basis for federal jurisdiction over Plaintiffs' state-law claims because there is no diversity of citizenship.  Accordingly, if the Court grants State Farm's motion and dismisses Plaintiffs' Section 1981 claims, it should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims (other than Count VI) and dismiss those claims without prejudice.  *See* 28 U.S.C. § 1367(c)(3).

8.      Finally, State Farm requests that any response to claims that survive the Motion to Dismiss be deferred until after the Court has ruled on the instant motion.  *See, e.g., Oil Express Nat'l, Inc. v. D'Alessandro,* 173 F.R.D. 219, 220 (N.D. Ill. 1997) (a partial motion to dismiss under Fed. R. Civ. P. 12(b)(6) also extends the time to answer those claims not addressed in the motion).

9.      In further support of its Motion, State Farm files herewith its accompanying Memorandum of Law.

WHEREFORE, State Farm respectfully requests that the Court dismiss with prejudice the time-barred breach of contract claim (Count VI) and the Section 1981 claims (Counts VIII and IX) asserted in Plaintiffs' Complaint.

Dated: April 8, 2019

Respectfully submitted,

/s/ Sondra A. Hemeryck
Sondra A. Hemeryck
Mariangela M. Seale
Sarah E. Finch
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 W. Madison St., Suite 2900
Chicago, IL 60602
Tel: 312-471-8700
Fax: 312-471-8701
shemeryck@rshc-law.com
mseale@rshc-law.com
sfinch@rshc-law.com

*Attorneys for Defendant State Farm Fire & Casualty*

**CERTIFICATE OF SERVICE**

I, undersigned counsel, certify that on April 8, 2019, I filed a copy of the foregoing document electronically using the Court's CM/ECF system, which will generate notice of this filing to all counsel of record.

/s/ Sondra A. Hemeryck