IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE CONNECTORS REALTY GROUP CORPORATION, DARRYL WILLIAMS and ANTOINE NASH, | ) ) ) ) | |
| Plaintiffs, | ) ) | No.   19-cv-00743 |
| v. | ) ) | Honorable Charles P. Kocoras |
| STATE FARM FIRE & CASUALTY COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

AMENDED COUNT XIII TO AMENDED CLASS ACTION COMPLAINT

Plaintiff, THE CONNECTORS REALTY GROUP CORPORATION ("Connectors"), DARRYL WILLIAMS ("Darryl Williams") (collectively "Plaintiffs"), by their attorney, Kenneth Anspach, for their Amended Count XIII to Amended Complaint against Defendant, STATE FARM FIRE AND CASUALTY COMPANY ("State Farm"), allege and aver as follows:

COUNT XIII

[Class Action]

1.  Plaintiffs repeat and reallege the allegations of Counts I through IX of this Complaint as if fully set forth herein.

2.  Pursuant to Fed. R. Civ. P. 23 and 28 U.S.C. Sec. 1711 *et seq*. Plaintiffs bring this action on their own behalf and on behalf of a Class of similarly-situated persons injured by State Farm's racially discriminatory conduct in the handling of insurance claims. The Class is defined as:

1

>All African-Americans in the State of Illinois who reside in majority African-American ZIP Code areas and have submitted claims for property loss and damage to State Farm during the period 2015 until the time judgment is entered herein and whose claims have either been denied, sent to the State Farm Special Investigations Unit for fraud or otherwise treated as presumptively fraudulent.

3.      Excluded from the Class is State Farm and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; government entities; and the Judge(s) to whom this case is assigned and any immediate family members thereof.

4.      Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

5. Numerosity – Fed. R. Civ. P. 23(a)(1). The members of the Class are so numerous that individual joinder of all Class members is impracticable. In Cook County, Illinois, alone, the number of potential class members with unpaid claims at the end of calendar year 2015 is 3018, and the number for 2016 is 2688. The precise number of Class members and their addresses are unknown to Plaintiffs, but are readily available from the records of State Farm.

6. Commonality and Predominance - Fed. R. Civ. P. 23(a)(2). This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, but not limited to:

a.      Whether State Farm subjected its insured to overly intrusive claims investigation requiring the submission of bank statements and income tax returns and other sensitive documents;

  b.  Whether State Farm subjected its insured to the taking of his examination under oath;

  c.  Whether State Farm refused to pay without conducting a reasonable investigation based on all available information as required by Section 154.6(h) of the Illinois Insurance Code, 215 ILCS 5/154.6(h);

  d.  Whether State Farm failed to provide its insured in the case of a denial of a claim a reasonable and accurate explanation of the basis in the insurance policy or applicable law for such denial as required by Section 154.6(n) of the Illinois Insurance Code, 215 ILCS 5/154.6(n);

  e.  Whether State Farm conducted any acts constituting improper claims practices under Section 154.6 of the Illinois Insurance Code, 215 ILCS 5/154.6;

  f.  Whether State Farm accused its insured under a policy of homeowners' insurance of arson on the basis of a report stating that the cause of the fire was undetermined;

  g.  Whether State Farm sent the insured's claim to its Special Investigations Unit for resolution;

  h.  Whether State Farm engaged an attorney to conduct an investigation of the insured's claim;

  i.  Whether State Farm denied the insured's claim on the basis of the Concealment or Fraud provision in its policy;

  j.  Whether State Farm denied the insured's claim on the basis of the Your Duties After Loss provision in its policy;

  k.  Whether State Farm denied the insured's claim relying on the fact that the insured had filed for bankruptcy protection;

l. Whether State Farm denied the insured's claim relying on the fact that the insured was suffering from a financial hardship;

m. Whether State Farm sent its insured repeated requests for documents under the Your Duties After Loss provision in its policy even after its insured submitted to State Farm all the documents meeting the terms of the request that were in the insured's possession;

n. Whether State Farm paid the insured's claim within 30 days of submission of the proof of loss;

o. Whether State Farm denied the insured's claim on the basis of a pretextual claim denial; and

p. Whether State Farm treated the insured's claim as presumptively fraudulent as being from a policyholder residing in black-majority ZIP Codes on the South and West Sides of the City of Chicago or south Cook County by processing such claims as presumed fraudulent through its Special Investigations Unit, by denying legitimate claims from these black-majority ZIP Codes for being purportedly fraudulent or for other pretextual reasons, by unreasonably delaying payment of such legitimate claims, by underpaying such legitimate claims and by failing and refusing to pay such legitimate claims.

7. Typical Claims - Fed. R. Civ. P. 23(a)(3). The claims of Plaintiffs are typical of the Class. The Plaintiffs or their principals are African-American. Plaintiffs' claims with State Farm were either outright denied, left unpaid or only partially paid. Plaintiffs' claims meet one or more of the following criteria:

a. State Farm subjected the person insured to overly intrusive claims investigation requiring the submission of bank statements and income tax returns and other sensitive documents;

4

  b. State Farm subjected the person insured to the taking of his examination under oath;

  c. State Farm refused to pay without conducting a reasonable investigation based on all available information as required by Section 154.6(h) of the Illinois Insurance Code, 215 ILCS 5/154.6(h);

  d. State Farm failed to provide its insured in the case of a denial of a claim a reasonable and accurate explanation of the basis in the insurance policy or applicable law for such denial as required by Section 154.6(n) of the Illinois Insurance Code, 215 ILCS 5/154.6(n);

  e. State Farm conducted acts constituting improper claims practices under Section 154.6 of the Illinois Insurance Code, 215 ILCS 5/154.6;

  f. State Farm sent the insured's claim to its Special Investigations Unit for resolution;

  g. State Farm engaged an attorney to conduct an investigation of the insured's claim;

  h. State Farm denied the insured's claim on the purported basis of the Concealment or Fraud provision in its policy;

  i. State Farm denied the insured's claim on the purported basis of the Your Duties After Loss provision in its policy;

  j. State Farm denied the insured's claim relying on the fact that the insured had filed for bankruptcy protection;

  k. State Farm denied the insured's claim relying on the fact that the insured was suffering from a financial hardship;

  l. State Farm sent its insured repeated requests for documents under the Your Duties After Loss provision in its policy even after its insured submitted to State Farm all the documents meeting the terms of the request that were in the insured's possession;

  m. State Farm paid the insured's claim within 30 days of submission of the proof of loss;

  n. State Farm denied the insured's claim on the basis of a pretextual claim denial; and

  o. State Farm treated the insured's claim as presumptively fraudulent as being from a policyholder residing in black-majority ZIP Codes on the South and West Sides of the City of Chicago or south Cook County by processing such claims as presumed fraudulent through its Special Investigations Unit, by denying legitimate claims from these black-majority ZIP Codes for being purportedly fraudulent or for other pretextual reasons, by unreasonably delaying payment of such legitimate claims, by underpaying such legitimate claims and by failing and refusing to pay such legitimate claims.

  8. Adequacy of representation - Fed. R. Civ. P. 23(a)(4). Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other members of the Class they seek to represent; they have retained counsel competent and experienced in complex insurance litigation; and Plaintiffs intend to prosecute this action vigorously. The Class's interests will be fairly and adequately protected by Plaintiffs and their counsel.

  9. State Farm has acted, or refused to act, on grounds generally applicable to the Class, thereby making appropriate declaratory, final injunctive and/or corresponding compensatory or declaratory relief with respect to the Class as a whole.

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the other members of the Class, request that the Court enter orders relief and enter judgment against State Farm as follows:

a. An order certifying the proposed Class and appointing Plaintiffs as Class Representatives and their counsel as Class Counsel;

b. An order that State Farm be permanently enjoined from their racially discriminatory conduct as alleged herein;

c. A judgment awarding Plaintiffs and the other Class members their actual damages in an amount according to proof for State Farm's unlawful conduct alleged under all claims herein, entitling Plaintiffs and the other Class members to their actual damages;

d. A judgment awarding Plaintiffs and the other Class members actual and compensatory damages under the Fair Housing Act, 42 U.S.C. U.S.C. § 3613(c)(1) and under 42 U.S.C. §§ 1981 and 1982 as a result of State Farm's wrongful conduct as alleged herein;

B. A judgment awarding punitive damages under 42 U.S.C. U.S.C. § 3613(c)(1) and 42 U.S.C §§. 1981 and 1982 in the amount of $250,000,000 or such other sum as will deter future violations of 42 U.S.C. U.S.C. § 3604(a) and (b) and 42 U.S.C. §§ 1981 and 1982;

C. A permanent injunction under 42 U.S.C. U.S.C. § 3613(c)(1) and under 42 U.S.C. §§ 1981 and 1982 restraining State Farm from continuing to:

i. Treat homeowners and small business insurance claims from black majority ZIP Codes in the City of Chicago and south Cook County as presumptively fraudulent;

ii. Process homeowners and small business insurance claims from black majority ZIP Codes in the City of Chicago and south Cook County as presumptively fraudulent through State Farm's Special Investigations Unit;

7

   iii. Deny legitimate homeowners and small business insurance claims from black majority ZIP Codes in the City of Chicago and south Cook County as being purportedly fraudulent;

   iv. Refuse and fail to pay, delay the payment of, and make inadequate payment of homeowners and small business insurance claims from black majority ZIP Codes in the City of Chicago and south Cook County; and

   v. Discriminate on the basis of race in the processing and payment of homeowners and small business insurance claims from black majority ZIP Codes in the City of Chicago and south Cook County.

  D. Awarding reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 pursuant to 42 U.S.C. § 3613(c)(2); and

  E. For such other and further relief as the Court deems appropriate.

              Plaintiffs,
              THE CONNECTORS REALTY GROUP
              CORPORATION and DARRYL
              WILLIAMS,

              By: /s/ Kenneth Anspach
                 their attorney

KENNETH ANSPACH, ESQ.
ANSPACH LAW OFFICE
111 West Washington Street
Suite 1625
Chicago, Illinois 60602
(312) 407-7888
ken@anspachlawoffice.com