# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THE CONNECTORS REALTY GROUP CORPORATION and DARRYL WILLIAMS,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>Defendant/Counterclaim Plaintiff. | Case No. 19-cv-00743<br><br>Honorable Charles P. Kocoras |

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MOTION TO STRIKE PLAINTIFFS' AMENDED CLASS DEFINITION AND CLASS ALLEGATIONS

Pursuant to Federal Rule of Civil Procedure 23, Defendant State Farm Fire and Casualty Company ("State Farm") respectfully moves this Court to strike the amended class definition and class allegations found in Plaintiffs' Amended Count XIII (Dkt. 102). In support of this Motion, State Farm states as follows:

1. Plaintiffs The Connectors Realty Corporation ("Connectors") and Darryl Williams ("Williams") seek to assert claims for alleged violations of 42 U.S.C. §§ 1981 and 1982 and the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(a) and (b), on behalf of the following proposed class:

> All African-Americans in the State of Illinois who reside in majority African-American ZIP Code areas and have submitted claims for property loss and damage to State Farm during the period 2015 until the time judgment is entered herein and whose claims have either been denied, sent to the State Farm Special Investigations Unit for fraud or otherwise treated as presumptively fraudulent.

2. This proposed class is facially overbroad and cannot be certified because it includes numerous persons who could not have been harmed by State Farm's alleged conduct, and because it is not limited to persons who were subjected to any allegedly unlawful conduct.

3. The amended class definition is also too vague and indefinite to meet the Seventh Circuit's test for ascertainability.

4. Plaintiffs are neither typical nor adequate class representatives, as required by Rule 23(a)(3) and (4). There are no allegations that Plaintiff Williams "submitted" any "claims for property loss and damage to State Farm," as the proposed class definition requires, and State Farm has asserted both a counterclaim and affirmative defenses based on Plaintiffs' fraud.

5. Plaintiffs have not identified—and cannot identify—any question that is common to all members of the proposed class, as required by Rule 23(a)(2).

6. Plaintiffs cannot meet the predominance requirement of Rule 23(b)(3) because, even if a common question existed, it would be overwhelmed by the need for individual, fact intensive inquiries to determine liability, as the Court's dismissal of the claims asserted by former plaintiff Antoine Nash attests.

7. Finally, Plaintiffs cannot maintain this case as a class action pursuant to Rule 23(b)(2) because the Complaint seeks monetary damages that are not merely incidental to requested injunctive relief or declaratory relief.

8. In further support of its motion, State Farm files herewith is accompanying Memorandum of Law.

WHEREFORE, State Farm respectfully requests that the Court strike Plaintiffs' Amended Count XIII and grant any other relief the Court deems just and proper.

Dated: May 18, 2021                    Respectfully submitted,

/s/ Sondra A. Hemeryck
Sondra A. Hemeryck
Sarah E. Finch
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison St., Suite 2900
Chicago, IL 60602
Tel: 312-471-8700
Fax: 312-471-8701
shemeryck@rshc-law.com
sfinch@rshc-law.com
*Attorneys for Defendant State Farm Fire and Casualty Company*

## **CERTIFICATE OF SERVICE**

I, undersigned counsel, certify that on May 18, 2021 I filed a copy of the foregoing document electronically using the Court's CM/ECF system, which will generate notice of this filing to all counsel of record.

/s/ Sondra A. Hemeryck