UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE CONNECTORS REALTY GROUP CORPORATION and DARRYL WILLIAMS,<br>     Plaintiffs,<br><br>   v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>     Defendant. | 19 C 743<br><br>Judge Charles P. Kocoras |

## ORDER

Before the Court is Defendant State Farm Fire & Casualty Company's ("State Farm") Second Motion to Strike Plaintiffs Connectors Realty Group Corporation ("Connectors") and Darryl Williams's (collectively, "Plaintiffs") class allegations. Also before the Court is Plaintiffs' Motion to Dismiss State Farm's Amended Counterclaim. For the following reasons, the Court denies both motions.

## STATEMENT

This case arises from Plaintiffs' allegations that State Farm treated insurance claims from black-majority zip codes in southern Cook County and the south side of Chicago as presumptively fraudulent.[1] Plaintiffs allege violations of 42 U.S.C § 1981 and the Fair Housing Act, 42 U.S.C. § 3201 *et seq*. State Farm filed a counterclaim seeking recission of the insurance policy based on alleged misrepresentations made by

---

[1] A more detailed version of the facts can be found in our previous Orders. Dkt. ## 38, 100.

Plaintiffs. In our previous Order, the Court struck Plaintiffs' class allegations because the proposed class definition was facially overbroad. Dkt. # 100. State Farm again moves to strike the amended class allegations. Plaintiffs also move to dismiss State Farm's Amended Counterclaim. We begin with State Farm's Motion.

I.  **Motion to Strike Class Allegations**

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[c]ourts in this District . . . evaluate motions to strike class allegations under Rule 23, not Rule 12(f)." *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014). Rule 23 states that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). If the class allegations in the complaint "are facially and inherently deficient . . . a motion to strike class allegations can be an appropriate device to determine whether the case will proceed as a class action." *Buonomo*, 301 F.R.D. at 295 (internal quotation omitted). "If, however, the dispute concerning class certification is factual in nature and discovery is needed to determine whether a class should be certified, a motion to strike the class allegations at the pleading stage is premature." *Brunner v. Liautaud*, 2015 WL 1598106, at *5 (N.D. Ill. 2015) (cleaned up).

State Farm first argues the amended class definition is still overbroad and must be stricken. Plaintiffs' proposed class definition is:

2

> All African-Americans in the State of Illinois who reside in majority African-American ZIP Code areas and have submitted claims for property loss and damage to State Farm during the period 2015 until the time judgment is entered herein and whose claims have either been denied, sent to the State Farm Special Investigations Unit for fraud or otherwise treated as presumptively fraudulent.

Dkt. # 102, at 2. By comparison, the previous proposed class definition was:

> All African-Americans in the State of Illinois who reside in majority African- American ZIP Code areas and have submitted claims for property loss and damage to State Farm during the period 2015 to the present.

Dkt. # 24, at 46.

The Court believes the new proposed class definition is not facially overbroad. The previous definition would have included anyone who submitted claims to State Farm from majority African-American zip codes, regardless of whether the claim was denied, treated as presumptively fraudulent, or resolved without issue. By contrast, the new proposed class definition limits the class members to those who actually had a claim denied or their claim was treated as presumptively fraudulent. Those individuals whose claims were treated as fraudulent but not denied still may have suffered damages because of any delay in processing their claim. So, at least at the pleading stage, the Court concludes that the class definition is not facially overbroad.

Finally, State Farm advances several arguments in favor of striking the class based on the Court's dismissal of former plaintiff Jason Nash. The Court dismissed Nash because he did not plausibly allege claims under Sections 1981 or 1982, or under the Fair Housing Act. *See* Dkt. # 38. State Farm argues this shows class certification

3

is not possible. But these fact-based arguments, and similar fact-based arguments premised on defenses available to State Farm, are better addressed at the class certification stage. *See Brunner*, 2015 WL 1598106, at *5.

Accordingly, State Farm's Motion is denied. The Court expects Plaintiffs to seek class certification as expeditiously as possible.

## II. Motion to Dismiss Counterclaim

Plaintiffs argue State Farm's Counterclaim must be dismissed because a claim for recission is not viable since the insurance policy is already cancelled.

In evaluating this dispute, the Court accepts as true all well pled facts in the Counterclaim and draws all reasonable inferences in favor of State Farm. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The claim must be facially plausible, meaning the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"'Rescission' is a remedy, premised on the existence of an otherwise valid contract." *Pardo v. Mecum Auction Inc.*, 77 F. Supp. 3d 703, 711 (N.D. Ill. 2014). Under Illinois law, recission may be proper when a party made a material misrepresentation when entering into the contract. *See Abramson v. Chuhak & Tecson, P.C.*, 2013 IL App (1st) 121842-U, ¶ 24. "[I]nherent in the remedy of rescission is the return of the parties to their proper precontract positions." *Puskar v. Hughes*, 179 Ill.

App. 3d 522, 528 (2d Dist. 1989). Additionally, "the rights of the parties under that contract are vitiated or invalidated." *Id.*

Here, what State Farm seeks is not a simple termination of a currently existing insurance policy; instead, State Farm seeks to void the policy during the time it existed. The parties would be returned to their positions before the policy was entered into— any payments Plaintiffs made to State Farm for the policy would be returned to Plaintiffs, and any coverage payments made by State Farm would be returned to State Farm. And crucially, the insurance contract would become invalidated, meaning any rights or remedies remaining from the now-terminated contract would no longer be available. So, the remedy State Farm seeks appears to be viable.

This conclusion seems to be consistent with Illinois law. For example, in *Illinois State Bar Association Mutual Insurance Company v. Law Offices of Tuzzolino & Terpinas*, the insurance company brought a claim seeking recission after the expiration of the insurance policy. 2015 IL 117096, ¶ 5. The Illinois Supreme Court affirmed the trial court's judgment rescinding the contract. *Id.* at ¶ 43. Though the court did not address the significance of the policy no longer being in effect, the circumstances appear to support our conclusion that a contract can be rescinded after it is no longer in effect.

Perhaps State Farm waived their right to seek rescission by not seeking it contemporaneously with cancelling the policy. But Plaintiffs do not make this

argument and it is an issue better addressed at summary judgment. Thus, the Court concludes State Farm's claim for recission is viable.

Accordingly, Plaintiffs' Motion to Dismiss is denied.

### III. Remaining Pending Motions

At the most recent status hearing, Plaintiffs represented that they were prepared to proceed with class certification. Thus, it appears Plaintiffs' Motion to Compel, which sought some documents related to class discovery, and Motion for Extension of Time are moot. Accordingly, those motions are denied as moot. The denials are without prejudice.

### CONCLUSION

For the reasons mentioned above, the Court denies State Farm's Motion to Strike Plaintiffs' class allegations (Dkt. # 105) and Plaintiffs' Motion to Dismiss State Farm's Counterclaim (Dkt. # 108). The Court also denies the Motion to Compel (Dkt. # 96) and Motion for Extension of Time (Dkt. # 97) as moot. Telephonic status is set for 11/9/2021 at 10:30 a.m. It is so ordered.

Dated: 10/07/2021

                                                  Charles P. Kocoras
                                                  United States District Judge