IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE CONNECTORS REALTY GROUP CORPORATION and DARRYL WILLIAMS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | No.     19-cv-00743 |
| v. | ) | |
| | ) | Honorable Charles P. Kocoras |
| STATE FARM FIRE & CASUALTY COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSE
TO AMENDED COUNTERCLAIM

Plaintiff, THE CONNECTORS REALTY GROUP CORPORATION ("Connectors") and

DARRYL WILLIAMS ("Darryl Williams") (collectively "Plaintiffs"), by their attorney,

Kenneth Anspach, for their Answer and Affirmative Defenses to the Amended Counterclaim (the

"Counterclaim") of Defendant, STATE FARM FIRE AND CASUALTY COMPANY ("State

Farm"), allege and aver as follows:

<u>INTRODUCTION</u>

1.     On January 4, 2017, Connectors submitted an application to State Farm for a

commercial multi-peril policy to insure a building located at 622-624 W. 79th Street in Chicago,

Illinois. State Farm accepted the application and issued policy number 93-GQ-Z610-7, with an

effective date of January 5, 2017 (the "Policy").

<u>ANSWER</u>:  Plaintiffs ADMIT the allegations of paragraph 1.

2.     Between the effective date of the Policy and April 24, 2017, when the Policy

cancelled, Connectors made six claims under the Policy, seeking over $350,000 in claimed

property damages and lost income. State Farm paid Connectors $55,578.71 on the first of those claims, and denied the remainder. Connectors then brought the above-captioned action asserting that State Farm had breached the terms of the Policy and had discriminated against Connectors because of the race of its principal, Darryl Williams.

ANSWER:  Plaintiffs ADMIT that as more fully set forth in the Amended Class Action Complaint, Connectors made six claims under the Policy prior to State Farm's cancellation of the Policy on April 24, 2017, that the value of such claims was in excess of $350,000, and that State Farm only paid a portion of Claim No. 13-0670-8L5 in the amount of $55,578.71, leaving an amount due and owing on Claim No. 13-0670-8L5 in the amount of $76,776.29, and that State Farm failed and refused to pay the other claims.  Plaintiffs further ADMIT that Plaintiffs brought the above-captioned Amended Class Action Complaint, the allegations of which speak for themselves. Plaintiffs DENY the remaining allegations of paragraph 2.

3.    In the course of investigating Connectors' allegations, State Farm discovered that Connectors, through Mr. Williams, made material, false representations both in its application for the Policy, and in connection with the multiple claims that it submitted under the Policy, as well as in its pleadings to this Court. Perhaps most egregiously, Connectors has claimed losses under the Policy that allegedly flowed from the actions of a supposed tenant, Lynnette Crawley, who in fact never lived in the building. Connectors even went so far as to claim—and receive from State Farm—lost rental income based in part on a purported lease signed by Ms. Crawley.

ANSWER:  Plaintiffs ADMIT that as more fully set forth in the Amended Class Action Complaint Connectors has claimed losses under the Policy under Claim No. 13-0670-8L5 that flowed from the actions of a tenant, Lynnette Crawley, and that State Farm only paid a portion of Claim No. 13-0670-8L5 in the amount of $55,578.71, leaving an amount due and owing on Claim No. 13-

0670-8L5 in the amount of $76,776.29.  Plaintiffs DENY the remaining allegations of paragraph 3.

4.      State Farm would not have issued the Policy to Connectors or made any payment under the Policy had it known about Connectors' material misrepresentations in its application for the Policy and in connection with the claims Connectors submitted under the Policy.  Under the express terms of the Policy, Connectors' material misrepresentations voided the Policy.  For these reasons, Connectors was not entitled to the $55,578.71 it received for its alleged loss on its first claim.

ANSWER:  Plaintiffs DENY the allegations of paragraph 4.

5.      Accordingly, State Farm now brings this Counterclaim seeking rescission of the Policy and a return of the parties to the status quo prior to entering into the Policy.  The status quo can be restored by each party returning to the other party the amounts it received pursuant to the Policy.  State Farm received $1,563.17 in premiums from Connectors, which it stands ready and able to return, and it paid Connectors $55,578.71 on claims made under the void Policy, which Connectors was not entitled to receive.

ANSWER:  Plaintiffs ADMIT that Connectors paid premiums to State Farm under the terms of the Policy.  Plaintiffs lack knowledge or information sufficient to forma a belief as to the amount of the premiums. Plaintiffs DENY the remaining allegations of paragraph 4 as being legal conclusions.

PARTIES

6.      State Farm is an Illinois corporation with its principal place of business located in Bloomington, Illinois.

ANSWER:  Plaintiffs ADMIT the allegations of paragraph 6.

7.      Connectors is an Illinois domestic business corporation. On information and belief, Connectors is solely owned by Darryl Williams, an individual who is a resident and citizen of Illinois.

ANSWER:  Plaintiffs ADMIT the allegations of paragraph 7.

## JURISDICTION AND VENUE

8.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Connectors asserts claims arising under the laws and regulations of the United States, including 42 U.S.C. §§ 1981, 1982, and 3604.

ANSWER:  Plaintiffs DENY the allegations of paragraph 8 as being legal conclusions.

9.      The Court has supplemental jurisdiction over the state-law claims asserted by State Farm in this Counterclaim pursuant to 28 U.S.C. § 1367.

ANSWER:  Plaintiffs DENY the allegations of paragraph 9 as being legal conclusions.

10.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Connectors resides in this district and the events giving rise to the claims occurred in this district.

ANSWER:  Plaintiffs DENY the allegations of paragraph 10 as being legal conclusions.

## STATEMENT OF FACTS

*The Connectors Policy*

11.      On January 4, 2017, Connectors submitted an application to State Farm for a commercial multi-peril policy on a mixed-used, commercial and residential property located at 622-624 W. 79th Street, Chicago, Illinois, 60602 ("the Property"). The Property has six apartments on the second and third floors, and two commercial units, both on the first floor. The application represented that all units in the building were occupied at the time it was submitted.

ANSWER: Plaintiffs ADMIT that Connectors submitted an application to State Farm for a commercial multi-peril policy on a mixed-use, commercial and residential property located at 622-624 W. 79th Street, Chicago, Illinois, 60602 ("the Property") and that the application speaks for itself. Plaintiffs further ADMIT that the Property has six apartments on the second and third floors, and two commercial units, both on the first floor. Plaintiffs DENY the remaining allegations of paragraph 11.

12.     State Farm accepted the application and issued commercial multi-peril insurance Policy number 93-GQ-Z610-7 to Connectors effective January 5, 2017. The Policy provided $400,000 in coverage for damage to the building (Coverage A), and coverage for loss of income in the amount of actual loss sustained for twelve months. The Policy did not include coverage for business personal property (Coverage B). A certified copy of the Policy is attached as Exhibit 1.

ANSWER: Plaintiffs ADMIT that State Farm accepted the application and issued commercial multi-peril insurance Policy number 93-GQ-Z610-7 to Connectors effective January 5, 2017. Plaintiffs further ADMIT that what purports to be a certified copy of the Policy is attached to the Answer as Exhibit 1, and that the terms of the Policy speak for itself. Plaintiffs DENY the remaining allegations of paragraph 12.

13.     The Policy included, among other terms and conditions, the following:

Concealment, Misrepresentation Or Fraud.

This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

**a.** This policy.

**b.** The Covered Property.

**c.** Your interest in the Covered Property.

**d.** A claim under this policy.

Ex. 1, State Farm Business Owners Coverage Form CMP-4100 ("Form CMP-4100") at 37. Connectors paid a total of $1,563.17 in premiums for policy number 93-GQ-Z610-7.

ANSWER: Plaintiffs ADMIT that the terms of the Policy speak for itself, that Connectors paid premiums under the terms of the Policy, and lack knowledge or information sufficient to form a belief as to the amount of the premiums. Plaintiffs DENY the remaining allegations of paragraph 13.

*Claim No. 13-0670-8L5*

14.     On or around January 20, 2017, Connectors contacted State Farm to report a loss to the Property that Connectors claimed had resulted when a window was left open by a tenant and pipes froze and burst, causing water damage to the first floor commercial space and the residential unit where the leak allegedly had originated. Connectors reported the date of loss as January 12, 2017. State Farm assigned Claim No. 13-0670-8L5 to the loss.

ANSWER: Plaintiffs ADMIT that Connectors contacted State Farm to report a loss to the Property that had resulted when a window was left open by a tenant and pipes froze and burst, causing water damage to the first floor commercial space and the residential unit where the leak allegedly had originated. Plaintiffs further ADMIT that State Farm assigned Claim No. 13-0670-8L5 to the loss. Plaintiffs lack knowledge or information sufficient to form a belief as to the date Connectors reported this loss. Plaintiffs DENY the remaining allegations of paragraph 14.

15.     The Policy includes the following provision under Section I – Exclusions:

We do not insure under any coverage for loss whether consisting of, or directly and immediately caused by, one or more of the following:

**a.** Frozen Plumbing

Water, other liquids, powder or molten material that leaks or flows from plumbing, heating, air conditioning or other equipment (except fire protective systems) caused by freezing, unless:

6

(1) You do your best to maintain heat in the building or structure; . . .

Ex. 1, Form CMP-4100 at 6-7.

ANSWER:  Plaintiffs ADMIT that the terms of the Policy speak for themselves, and DENY the remaining allegations of paragraph 15.

16.     On January 23, 2017, State Farm sent a letter to Connectors' principal, Darryl Williams, referencing an earlier telephone conversation regarding coverage for loss of rents. The letter asked Mr. Williams to provide current lease agreements and documentation to support collected rents and expenses in order to assist in Connectors' loss of income claim. State Farm also noted that, as had been discussed during the telephone conversation, there were coverage issues, and asked Mr. Williams to provide the following:

> Documentation to support heat was maintained in the building; and
>
> Plumbing report to confirm the loss occurred after the policy inception date and to confirm the source.

ANSWER:  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.     On February 17, 2017, State Farm sent another letter to Mr. Williams in which State Farm informed him that there was a question as to whether State Farm was obligated to indemnify Connectors under the Policy for the loss that was alleged to have occurred on or about January 12, 2017 because: (a) it was questionable whether the loss took place during the policy period; (b) it was questionable whether there had been a loss caused by a peril insured against; and (c) it was questionable if heat was maintained in the building at the time of loss.

ANSWER:  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. During its investigation of Claim No. 13-0670-8L5, State Farm was informed by the tenant occupying the first floor commercial units of the Property, Jesse Torres, that Mr. Torres had been at the Property on Saturday, January 7, 2017, at which time there were no signs of water leakage in his store, but that water was coming down everywhere when he arrived on the morning of Monday, January 9, 2017. Based on that information, State Farm revised the date of loss for Claim No. 13-0670-8L5 to January 9, 2017.

ANSWER:  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. In addition, State Farm was informed by Mr. Williams that prior to the end of December 2016, the unit where the leak originated—the second floor rear unit in the 624 W. 79th Street side of the Property—had been occupied by a tenant named Dominique Jones. Mr. Williams represented in a fax sent to State Farm on February 24, 2017 that Ms. Jones had moved out of the apartment without giving notice sometime in late December.

ANSWER:  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. State Farm also learned during its investigation that People's Gas had disconnected service to the unit where the leak originated in October of 2016.

ANSWER:  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21. On March 24, 2017, State Farm sent a letter to Mr. Williams denying Claim No. 13-0670-8L5.  That letter stated, in pertinent part:

> We confirmed with People's Gas Company, gas service on the second level of the building was disconnected October 2016.  We also discovered the last active year for gas service on the first level was 2005.  Based upon the results of our site

inspection and investigation, it was determined heat was not maintained which resulted in the frozen pipe(s) on the second level and is not covered by your policy.

ANSWER:  Plaintiffs ADMIT that State Farm send a letter dated March 24, 2017, DENY that such letter was sent by State Farm to Mr. Williams, and ADMIT that the letter speaks for itself. Plaintiffs DENY the remaining allegations of paragraph 21.

22.     On April 20 and 21, 2017, Mr. Williams spoke by telephone with a State Farm claim representative and a State Farm team manager about Claim No. 13-0670-8L5. During those calls, Mr. Williams did not dispute that People's Gas was not in fact providing service to the unit where the loss occurred on the date of the loss, but asserted that this did not mean heat was not being maintained because the building tenants used space heaters to maintain heat in their units.

ANSWER:  Plaintiffs DENY the allegations of paragraph 22.

23.     On August 16, 2017, Connectors submitted a Sworn Statement in Proof of Loss ("Proof of Loss") on Claim No. 13-0670-8L5. The Proof of Loss claimed property damage in the amount of $86,155 and fair rental value loss of $3,850 per month.

ANSWER:  Plaintiffs ADMIT that Connectors submitted a Sworn Statement in Proof of Loss ("Proof of Loss") on Claim No. 13-0670-8L5 and that the Proof of Loss speaks for itself.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegation of the date of submission of the Proof of Loss.

24.     The Proof of Loss identified the date of loss as January 9, 2017, and the cause of the loss as "window left open."

ANSWER:  Plaintiffs ADMIT that Connectors submitted a Proof of Loss on Claim No. 13-0670-8L5 and that the Proof of Loss speaks for itself.

25.     Connectors stated in the Proof of Loss that it was attaching records to support its claimed fair rental value loss, and submitted with the Proof of Loss copies of five leases. These

documents included what purported to be a lease for the 2nd floor rear apartment at 624 W. 79th Street—the unit where the leak had occurred—for a tenant identified as Lynnette Crawley, with a term running from January 1, 2017 to January 1, 2018.

ANSWER:  Plaintiffs ADMIT that Connectors submitted a Proof of Loss on Claim No. 13-0670-8L5 and that the Proof of Loss speaks for itself.  Plaintiffs ADMIT that Connectors submitted with the Proof of Loss copies of five leases. Plaintiffs ADMIT that these documents included a lease for the 2nd floor rear apartment at 624 W. 79th Street—the unit where the leak had occurred—for a tenant identified as Lynnette Crawley, with a term running from January 1, 2017 to January 1, 2018.  Plaintiffs DENY the remaining allegations of paragraph 25.

26.     The five leases submitted by Connectors showed monthly rents totaling $3,850.

ANSWER:  Plaintiffs ADMIT the allegations of paragraph 26.

27.     The Proof of Loss was signed by Darryl Williams, who "made solemn oath" that the matters contained in the Proof of Loss were "true in substance and in fact."

ANSWER:  Plaintiffs ADMIT that Connectors submitted a Proof of Loss on Claim No. 13-0670-8L5 and that the Proof of Loss speaks for itself.

28.     On or around October 16, 2017, State Farm paid Connectors $31,649.72 on Claim No. 13-0670-8L5, representing State Farm's estimate of the actual cash value of the building damage. On November 27, 2017, State Farm agreed during a call with Mr. Williams to pay three months of lost rental income of $3,850 per month, for a total of $11,550. State Farm paid Connectors that amount, as well as replacement cost benefits on the property damage in the amount of $12,378.99, on or around December 20, 2017. In total, State Farm paid Connectors $55,578.71 on Claim No. 13-0670-8L5.

ANSWER:  Plaintiffs ADMIT that on or around October 16, 2017 State Farm paid Connectors $31,649.72 on Claim No. 13-0670-8L5 and that State Farm made two additional payments of $11,550 and of $12,378.99 on or around December 20, 2017. Plaintiffs further ADMIT that, in total, State Farm paid Connectors $55,578.71 on Claim No. 13-0670-8L5. leaving an amount due and owing on Claim No. 13-0670-8L5 in the amount of $76,776.29. Plaintiffs DENY the remaining allegations of paragraph 28.

*Connectors' Other Claims Under the Policy*

29.    On February 7, 2017, Connectors reported an alleged vandalism loss at the Property, which was assigned Claim No. 13-0790-6C6.

ANSWER:  Plaintiffs ADMIT that Connectors reported a claim for vandalism loss at the Property that occurred on February 4, 2017, which was assigned Claim No. 13-0790-6C6.  Plaintiffs lack knowledge or information sufficient to form a belief as to whether that claim was submitted on February 7, 2017.

30.    On February 17, 2017 State Farm sent a letter notifying Connectors that the Policy would be cancelled effective April 24, 2017 at 12:01 a.m. because the "property is now vacant. Vacant property increases the potential for losses."

ANSWER:  Plaintiffs have no knowledge sufficient to form a belief that on February 17, 2017 State Farm sent a letter notifying Connectors that the Policy would be cancelled effective April 24, 2017 at 12:01 a.m.  Plaintiffs further DENY that the property was vacant.  Plaintiffs lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 30.

31.    On April 23, 2017—the day before the cancellation of the Policy became effective—Connectors submitted four more claims to State Farm, as follows:

      a.  Claim No. 13-1390-8K9: tenant vandalism to hallway and stairwell

    b.  Claim No. 13-1390-8F4: roof leak resulting in interior damage

    c.  Claim No. 13-1390-8N9: water damage caused by tenant intentionally breaking pipes under sink

    d.  Claim No. 13-1390-8S1: breakdown of boilers

ANSWER:   Plaintiffs ADMIT that Connectors submitted four more claims to State Farm. Plaintiffs DENY that the claims were submitted on April 23, 2017.  Plaintiffs ADMIT that the claims were assigned Claim No. 13-1390-8K9 for, *inter alia,* tenant vandalism to hallway and stairwell, Claim No. 13-1390-8F4 for, *inter alia,* roof leak resulting in interior damage, Claim No. 13-1390-8N9 for, *inter alia,* water damage and Claim No. 13-1390-8S1, for, *inter alia,* breakdown of boilers.  Plaintiffs DENY the remaining allegations of paragraph 31.

        32.     On August 16, 2017, Connectors submitted Sworn Statements in Proof of Loss on Claim Nos. 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, and 13-1390-8S1.  Each of these Proofs of Loss was signed by Mr. Williams, who, being "duly sworn, made solemn oath that the matters contained in" the Proof of Loss were "true in substance and in fact."

ANSWER:  Plaintiffs ADMIT that Connectors submitted proofs of loss for Claim Nos. 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, and 13-1390-8S1 and that the proofs of loss speak for themselves.  Plaintiffs DENY the remaining allegations of paragraph 32.

        33.     The Proof of Loss for Claim No. 13-1390-8K9 described the loss as "theft and damage of property," and claimed damage to the building in the amount of $28,500 and contents loss of $20,000, for a total claim of $48,500, less a deductible of $5,000.

ANSWER:  Plaintiffs ADMIT that Connectors submitted proofs of loss for Claim Nos. 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, and 13-1390-8S1 and that the proofs of loss speak for themselves.  Plaintiffs DENY the remaining allegations of paragraph 33.

34.     On Claim No. 13-1390-8F4, Connectors stated that the loss was "leakage in roof" that occurred on April 17, 2017, caused by "weather conditions," and claimed $15,000 in damages to the building and a contents loss of $2,500.

ANSWER:  Plaintiffs ADMIT that Connectors submitted proofs of loss for Claim Nos. 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, and 13-1390-8S1 and that the proofs of loss speak for themselves.  Plaintiffs DENY the remaining allegations of paragraph 34.

35.     On Claim No. 13-1390-8N9, the Proof of Loss identified the cause of the alleged loss as "water," and claimed $86,155 for damage to the building—the same amount claimed on the Proof of Loss for Claim No. 13-0670-8L5—and $30,800 for unspecified "other," for a total of $116,955, less a deductible of $5,000.

ANSWER:  Plaintiffs ADMIT that Connectors submitted proofs of loss for Claim Nos. 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, and 13-1390-8S1 and that the proofs of loss speak for themselves.  Plaintiffs DENY the remaining allegations of paragraph 35.

36.     On Claim No. 13-1390-8S1, the Proof of Loss identified the cause of the alleged loss as "maintenance breakdown," and claimed damage to the building in the amount of $60,000, less a deductible of $5,000.

ANSWER:  Plaintiffs ADMIT that Connectors submitted proofs of loss for Claim Nos. 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, and 13-1390-8S1 and that the proofs of loss speak for themselves.  Plaintiffs DENY the remaining allegations of paragraph 36.

37.     Connectors never submitted a Proof of Loss on Claim No. 13-0790-6C6.

ANSWER:  Plaintiffs ADMIT the allegations of paragraph 37.

38.     State Farm denied all the claims submitted by Connectors other than No. 13-0670-8L5.

13

ANSWER:  Plaintiffs ADMIT that State Farm denied all the claims submitted by Connectors other than No. 13-0670-8L5, and that, as to Claim No. 13-0670-8L5, State Farm paid Connectors $55,578.71, leaving an amount due and owing on Claim No. 13-0670-8L5 in the amount of $76,776.29.

*Connectors' Amended Complaint and Lynnette Crawley*

39.    On February 5, 2019, Connectors and former plaintiff Antoine Nash filed this action.  On June 25, 2019, Connectors and Nash filed an Amended Complaint. Nash's claims were dismissed by this Court on October 9, 2019.

ANSWER:  Plaintiffs ADMIT that this Court may take judicial notice of its own docket and pleadings in this case, which speaks for themselves.  Plaintiffs DENY the remaining allegations of paragraph 39.

40.    In the Amended Complaint, Connectors alleges that the loss and damage claimed in Claim No. 13-0670-8L5 was the result of Lynnette Crawley, who the Amended Complaint alleges was "[o]ne of the tenants" at the Property, leaving a bathroom window open in Unit 2R during a "below freezing weather event (the 'Weather Event')" on January 10, 2017. Dkt. 24 ¶¶ 17-18.

ANSWER:  Plaintiffs ADMIT that the allegations of the Amended Class Action Complaint speak for themselves.  Plaintiffs DENY the remaining allegations of paragraph 40.

41.    Although it was unknown to State Farm both at the time it received Connectors' Proof of Loss claiming property damage in the amount of $86,155 and fair rental value loss of $3,850 per month on Claim No. 13-0670-8L5, and at the time it paid Connectors $55,578.71 on Claim No. 13-0670-8L5, including $11,550 in claimed lost rent, Ms. Crawley was never a tenant at the Property and never lived at the Property.

ANSWER:  Plaintiffs DENY the allegations of paragraph 41.

14

42.     Although it was unknown to State Farm both at the time it received Connectors' Proof of Loss claiming property damage in the amount of $86,155 and fair rental value loss of $3,850 per month on Claim No. 13-0670-8L5, and at the time it paid Connectors $55,578.71 on Claim No. 13-0670-8L5, including $11,550 in claimed lost rent, Ms. Crawley has never been inside the Property, and did not leave a window open in Unit 2R or in any other unit of the Property in January of 2017 or at any other time.

ANSWER:  Plaintiffs DENY the allegations of paragraph 42.

43.     The Amended Complaint further alleges that, "[a]s an additional result of the Weather Event and Lynette [sic] Crawley's action," the Property suffered the loss and damage claimed in Claim No. 13-1390-8S1.  *Id.* ¶ 21.

ANSWER:  Plaintiffs ADMIT that the allegations of the Amended Class Action Complaint speak for themselves.  Plaintiffs DENY the remaining allegations of paragraph 43.

44.     Although it was unknown to State Farm at the time it received Connectors' Proof of Loss claiming loss and damage in the amount of $55,000 on Claim No. 13-1390-8S1, Ms. Crawley never lived at the Property and did not leave a window open in Unit 2R or in any other unit of the Property in January 2017 or at any other time.

ANSWER:  Plaintiffs DENY the allegations of paragraph 44.

45.     The Amended Complaint further alleges that, "[a]s a further result of the Weather Event and the [sic] Lynette Crawley's action," the Property suffered the loss and damage claimed in Claim No. 13-1390-8N9.  *Id.* ¶ 24.

ANSWER:  Plaintiffs ADMIT that the allegations of the Amended Class Action Complaint speak for themselves.  Plaintiffs DENY the remaining allegations of paragraph 45.

46.     Although it was unknown to State Farm at the time it received Connectors' Proof of Loss claiming loss and damage in the amount of $111,955 on Claim No. 13-1390-8N9, Ms. Crawley never lived at the Property and did not leave a window open in Unit 2R or in any other unit of the Property in January 2017 or at any other time.

ANSWER:  Plaintiffs DENY the allegations of paragraph 46.

47.     The Amended Complaint further alleges that on April 23, 2017, "while the Premises laid vacant as a result of the Weather Event, Lynette Crawley's action and State Farm's failure to pay" the previously described claims, "there occurred a theft at the premises," resulting in the loss and damage to the Property claimed in Claim No. 13-1390-8K9. *Id.* ¶ 29.

ANSWER:  Plaintiffs ADMIT that the allegations of the Amended Class Action Complaint speak for themselves.  Plaintiffs DENY the remaining allegations of paragraph 47.

48.     Although it was unknown to State Farm at the time it received Connectors' Proof of Loss claiming loss and damage in the amount of $43,500 on Claim No. 13-1390-8K9, Ms. Crawley never lived at the Property and did not leave a window open in Unit 2R or in any other unit of the Property in January 2017 or at any other time.

ANSWER:  Plaintiffs DENY the allegations of paragraph 48.

<u>COUNT I: RESCISSION</u>

49.     State Farm incorporates the allegations contained in paragraphs 1 through 48 of this Amended Counterclaim as though fully set forth herein.

ANSWER:  Plaintiffs incorporate their answers to the allegations in paragraphs 1 through 48 of this Answer to Amended Counterclaim as though fully set forth herein.

50.     In its application for the Policy, Connectors falsely represented that all units in the Property were occupied, and that no units were vacant.  In fact, at the time Connectors made those

16

representations in the application, no more than two of the six residential units in the Property were occupied.

ANSWER:  Plaintiffs DENY the allegations of paragraph 50.

51.     The Concealment, Misrepresentation or Fraud provision of the Policy provides that the Policy is void if the insured, "at any time, intentionally conceal[s] or misrepresent[s] a material fact concerning … [t]he Covered Property." Connectors' misrepresentation that there were no vacant units in the building was a "material fact concerning … [t]he Covered Property," because high vacancy rates in a multi-unit building increase the potential for loss.

ANSWER:  Plaintiffs ADMIT that the terms of the Policy speak for themselves.  Plaintiffs DENY the remaining allegations of paragraph 51.

52.     Connectors' misrepresentation that there were no vacant units was made intentionally and for the purpose of deceiving State Farm.

ANSWER:  Plaintiffs DENY the allegations of paragraph 52.

53.     Connectors' misrepresentation that there were no vacant units in the building violated the Policy's Concealment, Misrepresentation or Fraud provision.

ANSWER:  Plaintiffs DENY the allegations of paragraph 53.

54.     The Concealment, Misrepresentation or Fraud provision of the Policy further provides that the Policy is void if the insured, "at any time, intentionally conceal[s] or misrepresent[s] a material fact concerning … [a] claim under this policy."

ANSWER:  Plaintiffs ADMIT that the terms of the Policy speak for themselves.  Plaintiffs DENY the remaining allegations of paragraph 54.

55.     Connectors intentionally misrepresented a material fact concerning its Claim No. 13-0670-8L5. In particular, Connectors intentionally misrepresented that it had suffered damage

17

to the Property as the result of a tenant leaving a window open in Unit 2R when in fact Unit 2R was vacant on the date of the alleged loss, and the individual whom Connectors claimed was living in that Unit has never lived in the building and did not leave a window open in Unit 2R or any other unit in the building on the date of loss or at any other time.

ANSWER: Plaintiffs DENY the allegations of paragraph 55.

56. Connectors also intentionally misrepresented that heat had been maintained Unit 2R when in fact People's Gas had turned off the gas to that unit approximately three months prior to the date of loss, and there was no tenant occupying the unit on the date of loss. Connectors' misrepresentation that heat had been maintained in Unit 2R on the date of loss was a material fact concerning Claim No. 13-0670-8L5.

ANSWER: Plaintiffs DENY the allegations of paragraph 56.

57. Connectors also intentionally misrepresented in connection with its Claim No. 13-0670-8L5 that the claimed damage to the Property had resulted in lost rental income of $3,850 per month, which Connectors supported in part by submitting a document purporting to be a lease for Unit 2R signed by Lynette Crawley, showing a lease term of January 1, 2017 through January 1, 2018, and monthly rent of $700 per month. In fact, as State Farm subsequently learned, Ms. Crawley has never lived in Unit 2R, or any other unit in the Property, and has never paid or agreed to pay rent in any amount to Connectors for Unit 2R or any other unit in the Property. Connectors' misrepresentation that Unit 2R was leased to Ms. Crawley for a rent of $700 per month was a material fact concerning Claim No. 13-0670-8L5.

ANSWER: Plaintiffs DENY the allegations of paragraph 57.

58. Connectors also intentionally misrepresented material facts concerning claims under the Policy by making false claims for alleged tenant vandalism (Claim Nos. 13-1390-8K9

18

and 13-1390-8N9), a roof leak allegedly caused by "weather" (Claim No. 13-1390-8F4), and alleged breakdown of the Property's boilers (Claim No. 13-1390-8S1). Connectors' Amended Complaint alleges with respect to each of these claims that the Property suffered loss and damage "[a]s an additional result of the Weather Event and Lynette [sic] Crawley's action." In fact, Ms. Crawley never lived at the Property and did not leave a window open in Unit 2R or in any other unit of the Property in January 2017 or at any other time.

ANSWER: Plaintiffs DENY the allegations of paragraph 58.

59. In addition, Connectors intentionally misrepresented a material fact concerning a claim under the Policy by claiming the same damage to the Property on its Proof of Loss for Claim No. 13-1390-8N9 that it claimed on the Proof of Loss for Claim No. 13-0670-8L5.

ANSWER: Plaintiffs DENY the allegations of paragraph 59.

60. State Farm would not have issued the Policy or paid Connectors on Claim No. 13-0670-8L5 had it known about Connectors' misrepresentations and violation of the Policy's Concealment, Misrepresentation or Fraud provision. Because Connectors violated the Policy's Concealment, Misrepresentation or Fraud provision, the Policy is void.

ANSWER: Plaintiffs DENY the allegations of paragraph 60.

61. Because Connectors' violation of the Policy's Concealment, Misrepresentation or Fraud provision voided the Policy, Connectors was not entitled to coverage under the Policy for the alleged loss that was assigned Claim No. 13-0670-8L5.

ANSWER: Plaintiffs DENY the allegations of paragraph 61.

62. State Farm nevertheless paid Connectors $55,578.71 on Claim No. 13-0670-8L5.

ANSWER:  Plaintiffs ADMIT State Farm paid Connectors $55,578.71 on Claim No. 13-0670-8L5, leaving an amount due and owing on Claim No. 13-0670-8L5 in the amount of $76,776.29. Plaintiffs DENY the remaining allegations of paragraph 62.

63.     Connectors unjustly retained the $55,578.71 paid by State Farm for its benefit despite having no entitlement to it under the void Policy. Connectors' retention of that benefit is to State Farm's detriment, and violates fundamental principles of justice, equity and good conscience.

ANSWER:  Plaintiffs DENY the allegations of paragraph 63.

64.     Because Connectors' violations voided the Policy, the Policy should be rescinded and the parties restored to the status quo *ante*.

ANSWER:  Plaintiffs DENY the allegations of paragraph 64.

65.     State Farm stands ready and able to return the $1,563.17 in premiums paid by Connectors for the Policy.  Accordingly, the status quo will be restored if Connectors repays the $55,578.71 it received from State Farm on Claim No. 13-0670-8L5.

ANSWER:  Plaintiffs have no knowledge or information regarding what State Farm stands ready and able to do and DENY the remaining allegations of paragraph 65.

WHEREFORE, Plaintiffs pray that the Counterclaim be dismissed and held for naught.

<u>AFFIRMATIVE DEFENSE</u>

1.  In its Amended Counterclaim ("Counterclaim"), pars. 3, 50-60, State Farm alleges that the Policy is void due to purported misrepresentations by Plaintiffs.  State Farm further alleges at Count I, par. 64, that, as a result thereof, "the Policy should be rescinded…"  Upon rescission, State Farm alleges at Count I, par. 65 that State Farm is purportedly entitled to the return of $55,578.71 in contract damages it paid to Plaintiffs under the Policy.

2. State Farm admits in the Counterclaim, Count I, par. 30, that State Farm "cancelled the Policy effective April 24, 2017 at 12:01 a.m."

3. Section 143.13(g) of the Illinois Insurance Code, 215 ILCS 5/143.13(g) defines "cancellation" as follows: "'Cancellation' or 'cancelled' means the termination of a policy by an insurer prior to the expiration date of the policy."

4. Waiver is the intentional relinquishment of a known right. Once the Policy was terminated there was no Policy left to "rescind." One cannot "rescind" what no longer exists.

5. State Farm waived its right to seek rescission by not seeking it contemporaneously with cancelling the Policy.

WHEREFORE, Plaintiffs pray that the Counterclaim be dismissed and held for naught.

Plaintiffs,
THE CONNECTORS REALTY GROUP
CORPORATION and DARRYL
WILLIAMS,

By: /s/ Kenneth Anspach
        their attorney

KENNETH ANSPACH, ESQ.
ANSPACH LAW OFFICE
111 West Washington Street
Suite 1625
Chicago, Illinois 60602
(312) 407-7888
ken@anspachlawoffice.com