# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE CONNECTORS REALTY
GROUP CORPORATION and DARRYL
WILLIAMS,

     Plaintiffs,

     v.

STATE FARM FIRE & CASUALTY
COMPANY,

     Defendant.

No.    19-cv-00743

Honorable Charles P. Kocoras

## PLAINTIFFS' MOTION TO STRIKE DECLARATIONS FILED BY STATE FARM

Plaintiffs, THE CONNECTORS REALTY GROUP CORPORATION ("Connectors")

and DARRYL WILLIAMS ("Darryl Williams") (collectively "Plaintiffs"), by their attorney,

KENNETH ANSPACH, pursuant to Fed.R.Civ.P 56(c)(4), hereby move this Court to strike the

following declarations filed in support of State Farm's Response to Plaintiff's Second Motion to

Compel ("State Farm's Response"): (1) the Declaration of Gayle Hardison, attached to State

Farm's Response as Exhibit 2, (2) the Declaration of Jeff Legner, attached to State Farm's

Response as Exhibit 7, (3) the Declaration of Donald Vinciguerra, attached to State Farm's

Response as Exhibit 9, (4) the Affidavit of Jim Larson, attached to State Farm's Response as

Exhibit 10, (5) the Affidavit of Gail Carlson, attached to State Farm's Response as Exhibit 11,

and (6) the Affidavit of Karen Terry, attached to State Farm's Response as Exhibit 10, and in

support thereof state as follows:

I. Declaration of Gayle Hardison.

The requirements for affidavits being filed in opposition to motions are set forth in

Fed.R.Civ.P. 56(c)(4), which states as follows:

> Affidavits or Declarations. An affidavit or declaration used to
> support or oppose a motion must be made on personal knowledge,
> set out facts that would be admissible in evidence, and show that
> the affiant or declarant is competent to testify on the matters stated.

The Declaration of Gayle Hardison (the "Hardison Declaration") fails to satisfy these

requirements. The Hardison Declaration, pars. 2 and 3, states that:

> 2. I have been employed by State Farm Fire and Casualty
> Company ("State Farm") for approximately 35 years. I currently
> hold the position of Claim Team Manager at State Farm. I reside in
> Newark, Delaware. As a Team Manager, I am responsible for 1st
> line supervision of SIU employees including hiring, training,
> coaching and performance management and salary
> administration in a centralized or field environment.

> 3. I make the statements in this declaration based on my
> review of State Farm's claim records for the structural damage
> claim submitted by The Connectors Realty Group Corporation
> ("Connectors") in January of 2017, which was assigned Claim
> Number 13-0670-8L5, and State Farm's claim records for the
> additional claims relating to Connectors' insured property at 622
> W. 79th Street that Connectors submitted on February 6, 2017
> (Claim No. 13-0790-6C6) and April 23, 2017 (Claim Nos. 13-
> 1390-8S1, 13-1390-8N9, 13-1390-8K9, and 13-1390-8F4). These
> six claims are referred to in this declaration collectively as the
> "Connectors Claims."

The Hardison Declaration fails to comply with Fed.R.Civ.P. 56(c)(4) in the following respects:

(1) The Hardison Declaration is not made on "personal knowledge." Instead, it is "based

on my review of State Farm's claim records for the structural damage claim submitted by The

Connectors Realty Group Corporation ("Connectors") in January of 2017, which was assigned

Claim Number 13-0670-8L5." Moreover, while she states that "I currently hold the position of

Claim Team Manager at State Farm," she does not say that she, herself, was assigned to this

claim file. She cannot have "personal knowledge" of a claim file to which she was never

assigned. FRE Rule 602 states that "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Yet, by this witness' own admission, she does not have personal knowledge of Claim 13-0670-8L5. Affidavits that are not based upon personal knowledge may be disregarded. *Packer v. Trs. of Ind. Univ. Sch. of Med.*, 800 F.3d 843, 850 (7th Cir. 2015).

    (2) The Hardison Declaration is not admissible as a "record of a regularly conducted activity" pursuant to FRE 803(6). In order to qualify for this exception to the hearsay rule, the subject records must be shown to be "kept in the course of a regularly conducted activity of the business…by the testimony of the custodian or another qualified witness." FRE 803(6)(D). Yet, Ms. Hardison does not testify that she is the custodian of these records. Furthermore, she is not a "qualified witness." A "qualified witness" must "be familiar with the company's recordkeeping practices." *Thanongsinh v. Board of Educ.*, 462 F.3d 762, 777 (7th Cir. 2006). While Ms. Hardison purports to testify to knowledge of State Farm's recordkeeping practices pertaining to Claim Number 13-0670-8L5, she does not establish that she has such knowledge. In this regard, nothing in the statement of her duties for State Farm set forth in paragraph 2 of the Hardison Declaration quoted above states that such duties have anything whatsoever to do with company records. "Under Rule 56(e) [predecessor to Fed.R.Civ.P. 56(c)(4)], an affiant must be competent to testify and must state specific facts that would be admissible in evidence and are based on the affiant's personal knowledge." *National Diamond Syndicate, Inc. v. United Parcel Service, Inc.*, 897 F.2d 253, 260 (7th Cir. 1990). Nothing in the Hardison Declaration demonstrates her competence to testify regarding State Farm's records. There is no foundation for her testimony regarding State Farm's recordkeeping and the content of State Farm's corporate records. *Thanongsinh v. Board of Educ.*, 462 F.3d at 779.

(3) Moreover, Ms. Hardison's discussion of the content of the records relating to Claim Number 13-0670-8L5 is clearly inaccurate and demonstrates her lack of familiarity with State Farm's recordkeeping practices. For example, she states in paragraph 14, that there are "no…references to [Section Manager Celeste Dodson] in the file for Claim Number 13-0670-8L5 other than one email on which Ms. Dodson "is shown as a carbon copy recipient." This statement is wrong. Pages 2 and 3 of that very claim file, SFCONNECT000003PROD-SFCONNECT000004PROD, copies of which are attached hereto as Exhibit A, show that the *entirety* of the activities described in the claim file for Claim Number 13-0670-8L5 took place within "SIU Proximity Dodson." SIU Proximity Dodson was the Division of the Special Investigations Unit ("SIU") that Celeste Dodson oversaw as manager![1]

(4) Since, as set forth in the Declaration of Carla Campbell-Jackson, Ph.D. (the "Campbell-Jackson Declaration"), Ms. Dodson not only oversaw this file, but also managed the "Fill the Cup(s)" process, any records sought in Plaintiffs' Second Motion to Compel regarding "Fill the Cup(s)," relate directly to Claim Number 13-0670-8L5. Of course, not only do such records relate to Claim Number 13-0670-8L5, but they also relate to class certification because "Fill the Cups" was the vehicle by which State Farm steered claims of African-American policyholders to the SIU and denied them. It is important that these records be produced to enable class certification, because State Farm apparently treated many other policyholders the same way it treated Connectors and Darryl Williams.[2] Those policyholders deserve the same opportunity for relief that this Court may afford Connectors and Darryl Williams.

---

[1] Declaration of Carla Campbell-Jackson, Ph.D., attached to Plaintiffs' Second Motion to Compel as Ex. E, par. 7.
[2] Campbell-Jackson Declaration, par. 12; Declaration of Donald Vinciguerra, attached to State Farm's Response as Ex. 9, par. 10.

(5) Finally, the Hardison Declaration, pars. 9-10, purports to testify to the date Claim

Representative Tina Beavers had her first conversation with Plaintiff, Darryl Williams. Yet, Ms.

Hardison admits at par. 4 that the materials proffered to the Court in support of that testimony are

not the entire claim record for Claim Number 13-0670-8L5, but are "materials attached to this

declaration [that] are *contained in* that claim record." (Emphasis added.) In other words, these

materials are not the entire claim record. There may well be other materials that reflect

conversations omitted from the selected materials "contained in" the claim record that are

attached to the Hardison Declaration. In this same regard, the Hardison Declaration does not

state that the file notes in the claim file for Claim Number 13-0670-8L5 contains a record of each

and every conversation that took place between Tina Beavers and Darryl Williams or telephone

message left for Tina Beavers. That it does not is supported by State Farm's Response to

Request for Production No. 26 ("Request No. 26") in Defendant State Farm Fire and Casualty

Company's Responses to Plaintiffs' Request for Production, a copy of which is attached hereto

as Exhibit B. Request No. 26 of Plaintiffs' Request for Production states, as follows:

> 26. Any and all documents, correspondence, emails, notes,
> memoranda, telephone recordings and other recordings containing
> or setting forth communications to or from any and all State Farm
> employees, including but not limited to…Tina Beavers…
> regarding State Farm Claim Nos. 13-0790-6C6, 13-1390-8K9, 13-
> 1390-8F4, 13-1390-8N9, 13-1390-8S1 and 13-0670-8L5.

State Farm's Response to Request No. 26, while stating that State Farm is producing the Claim

File for Claim Number 13-0670-8L5 (among other claim files), also states that "State Farm will

also produce any additional, non-privileged communications of … Tina Beavers regarding State

Farm Claim Nos.… 13-0670-8L5 *that may be located by a reasonable search*." (Emphasis

added.) Thus, State Farm, itself, admits that there are "additional…communications of Tina

Beavers" beyond those in the claim file from which Ms. Hardison drew her conclusions. Those

"additional...communications" are those that State Farm asserts that it has already produced

pursuant to a "reasonable search," and, apparently, there remain others that would require an

some effort beyond what State Farm considers to be "reasonable" to ferret out. Regardless, by

State Farm's admission, the Claim File for Claim Number 13-0670-8L5 plainly does not contain

all the records of communications between State Farm and Darryl Williams.

II. Declaration of Jeff Legner.

The Declaration of Jeff Legner (the "Legner Declaration") violates Fed.R.Civ.P. 56(c)(4),

in that it fails to "set out facts that would be admissible in evidence." Specifically, the Legner

Declaration, par. 6, purports to make statements regarding the meaning of the term "Fill the

Cup." Specifically, the Legner Declaration states:

> [T]he term "Fill the Cup" was used by State Farm's SIU...as it
> moved from a geographic Zone-based claims handling model to an
> Enterprise-based claims handling model, to describe a process for
> ensuring capacity for potential fraud investigation was more fully
> and consistently utilized and investigations were rationally
> allocated with the new Enterprise SIU. In other words, the "Fill the
> Cup" initiative concerned the allocation of SIU/MCIU claims and
> multi-claim investigations – which already had fraud indicators –
> among the Enterprise SIU claim handling teams. The purpose of
> "Fill the Cup" was not to increase the number of claims sent to
> SIUs by encouraging front line claim representatives to submit
> claims to SIU.

The Legner Declaration is apparently being submitted in contradistinction to the Campbell-

Jackson Declaration, which states that under the "Fill the Cups" process, front line claim

property damage and bodily injury claim representatives were encouraged to submit claims to

the SIU from African American and other minorities that were prejudged as non-meritorious and

often were denied.[3]

---

[3] Campbell-Jackson Declaration, pars. 7 and 21.

However, the Legner Declaration is inadmissible because it violates the best evidence rule. Plaintiffs' Second Request for Production, pars. 1 and 4, requests that State Farm produce "documents relating to 'Filling the Cup,' 'Fill the Cup,' 'Fill Cup' or 'Filled the Cup,'" as well as "correspondence, emails and other documents from, or to, Jeffrey Legner...or on which [his] name...appear[s], referring or relating to "Filling the Cup," "Fill the Cup," "Fill Cup" or "Filled the Cup..." The Legner Declaration does not state that such documents do not exist. Instead, the Legner Declaration attempts to substitute Mr. Legner's opinion regarding what the "Fill the Cup" initiative was, rather than provide the actual documents evidencing such "initiative." "'[P]roducing the best evidence'...refers to the rule that the terms of the document must be proved by the production of the document itself." *United States v. Rohalla*, 369 F.2d 220, 223-224 (7th Cir. 1966).

An excellent illustration of this rule as it applied in a case similar to that at bar was in *United States v. Wheeler*, 219 F.2d 773 (7th Cir. 1955), a case that concerned the interstate transportation of stolen vehicles. The court affirmed the District Court's having allowed testimony regarding the stolen vehicles, even though the car dealership's inventory cards would have provided the best evidence. The court noted that:

> No demand or request was made for the production of the inventory cards. Upon request the District Court would, undoubtedly, have required their production.

*United States v. Wheeler*, 219 F.2d at 776. Here, Plaintiffs *have* requested the documents that would provide the "best evidence," and the Court should strike State Farm's attempt to substitute someone's self-serving and biased opinion for the actual documentary evidence.

III. Declaration of Donald Vinciguerra.

The Declaration of Donald Vinciguerra (the "Vinciguerra Declaration") should be stricken as violative of Fed.R.Civ.P. 56(c)(4) in that it fails to "show that the affiant or declarant is competent to testify on the matters stated." The Vinciguerra Declaration, par. 1, states that Mr. Vinciguerra is "a Business Analyst in the Claims Analytics Department at State Farm Mutual Automobile Insurance Company." The Vinciguerra Declaration, par. 2, states that the "Claims Analytics Department is responsible for claims ad hoc reporting," but does not state what Mr. Vinciguerra's duties are as a Business Analyst and whether they include document searches and retrieval. The Vinciguerra Declaration also does not state that his duties as a "Business Analyst" relate in any way to the Defendant, State Farm Fire and Casualty Company or to Plaintiffs and their claims. The Vinciguerra Declaration, pars. 4-7, discusses whether or not State Farm Mutual Automobile Insurance Company has the ability to search for certain documents requested in Plaintiffs' Second Request for Production, pars. 15 and 16, requesting, for all the State Farm companies, *inter alia,* "documents setting forth claims...sent to the Special Investigations Unit for alleged fraud...that set forth whether the claim was paid, partially paid or denied." Again, there is no discussion of Mr. Vinciguerra's competency to engage in an assessment of State Farm's ability to conduct such a search or to conduct such a search for all the State Farm companies, including State Farm Fire and Casualty Company.

Finally, the Vinciguerra Declaration, par. 11, states how many "man-hours" would be required to engage in such a search, without any foundation that Mr. Vinciguerra has the competency to make such an assessment. "Under Rule 56(e), an affiant must be competent to testify and must state specific facts that would be admissible in evidence and are based on the affiant's personal knowledge." *National Diamond Syndicate, Inc. v. United Parcel Service, Inc.,*

897 F.2d at 260. Nothing in the Vinciguerra Declaration demonstrates his competence to testify

to such matters. Without such a foundation, the Vinciguerra Declaration should be stricken.

IV. Affidavit of Jim Larson, Affidavit of Gail Carlson, and Affidavit of Karen Terry.

      The Affidavits of Jim Larson, Gail Carlson and Karen Terry (collectively, the "Loss

Experience Affidavits") are each subject to being stricken as violative of Fed.R.Civ.P. 56(c)(4).

First and most obviously, the Loss Experience Affidavits fail to "show that the affiant or

declarant is competent to testify on the matters stated." These affidavits were made on

September 30, 2016, almost five and a half years ago. There is no indication that any of these

affiants is still alive, is still working for State Farm, is still of sound mind and body, and is still

available to testify.

      Second, the Loss Experience Affidavits are violative of Fed.R.Civ.P. 56(c)(4) in that they

are replete with legal conclusions and, therefore, fail to "set out facts that would be admissible in

evidence." Each of the Loss Experience Affidavits is apparently filed in response to Request for

Production No. 12 in Plaintiffs' Second Request for Production, which requests:

> 12. All premium and loss data, categorized by zip code, for the
> State of Illinois, for all homeowners lines reported by State Farm
> to the Illinois Department of Insurance pursuant to 50 Ill. Adm.
> Code Section 4203.30, including, but not limited to, a count of the
> number of written exposures, paid losses and outstanding losses,
> for reporting years 2012-2021.

The Loss Experience Affidavits also are apparently filed in response to Interrogatory No. 1 in

Plaintiffs' Second Set of Interrogatories, which dovetails with Request for Production No. 3 and

states as follows:

> Identify all persons having knowledge or information regarding the
> generation and utilization of premium and loss data, categorized by
> zip code, for the State of Illinois, for all homeowners lines reported
> by State Farm to the Illinois Department of Insurance pursuant to
> 50 Ill. Adm. Code Section 4203.30.

State Farm refused to respond to both Request for Production No. 12 and Interrogatory
No. 1. This Court in its October 19, 2019 Order at 15 found that allegations with respect to the
dismissed plaintiff, Antoine Nash, alleging that State Farm's "policy of redlining insurance
claims from majority-black ZIP Codes on the South and West Sides of Chicago…results in State
Farm processing such claims as presumptively fraudulent and denying legitimate claims
[and]…is sufficient to satisfy the second and third prong" of the disparate impact test under the
Federal Housing Act ("FHA"), 42 U.S.C. Sec. 3604(a) and (b). The only aspect of the FHA
claim that the Court did not uphold was the "statistical disparity" prong, because Plaintiffs' study
based upon publicly available information from the Illinois Department of Insurance related to
the insurance industry as a whole, rather than only to State Farm. This ruling by the Court shows
why these discovery requests are necessary. These requests seek the information that is
particular to the defendant company and can therefore satisfy the standard of specificity
referenced in the Court's ruling.

50 Ill. Adm. Code Section 4203.20 sets forth the Purpose and Scope of this regulation as
follows:

> The purpose of this Part is to establish…reporting requirements for
> information required to be reported…pursuant to Section 1204(A)
> through (D) of the Code. This Part also provides for the collection
> of data required to implement Article XXXIII of the Code. …

215 ILCS 5/1204(A) authorizes the Director of the Illinois Department of Insurance to "require
each insurer licensed to write property or casualty insurance in the State…to record and report its
loss and expense experience and other data as may be necessary to assess the relationship of
insurance premiums and related income as compared to insurance costs and expenses." Article
XXXIII of the Illinois Insurance Code, titled Urban Property Insurance, states at 215 ILCS 5/522

that the purpose of this article, among other things, is "to deter the insurance industry from geographically redlining urban areas of this State..."

The Loss Experience Affidavits seek to justify State Farm's refusal to provide the requested information on the purported basis that the loss and expense experience and other data is purportedly secret, *i.e.,* a "trade secret" within the meaning of the Illinois Trade Secrets Act, 765 ILCS 1065/2(d). See Affidavit of Jim Larson ("Larson Affidavit"), par. 3 and Affidavit of Gail Carlson ("Carlson Affidavit"), par. 4. Yet, the assertion that State Farm's loss and expense experience and other data is a "trade secret" is a legal conclusion, and one that neither the Larson Affidavit nor the Carlson Affidavit demonstrate that those affiants are qualified to make. Whether something qualifies as a trade secret is an issue of law that a layman cannot establish by testimony.

Moreover, State Farm's loss and expense experience and other data is not a trade secret as a matter of law. As the court said in *Southwest Whey, Inc. v. Nutrition 101, Inc.*, 117 F.Supp.2d 770, 777 (C.D. Ill. 2000):

> [M]erely being the first or only one to use certain information does not alone turn what is otherwise general knowledge into a trade secret. Otherwise, no matter how ordinary or well known the information, the first person to use it would be able to obtain the protection of the statute. *** Additionally, "generalized confidential business information" does not constitute a protectable trade secret. See *AMP Inc. v. Fleischhacker*, 823 F.2d 1199, 1204 (7th Cir.1987). (Citation omitted.)

What the Larson and Carlson Affidavits term a "trade secret" is nothing more than the paperwork of State Farm's business. State Farm's loss experience data are facts drawn from information from its own policyholders. The marketing and pricing strategies described in the Carlson Affidavit, par. 2 and the Affidavit of Karen Terry, par. 2, may be rooted in those facts, but are not the facts themselves.

11

*Southwest Whey, Inc. v. Nutrition 101, Inc.*, 117 F.Supp.2d at 776 further stated that "[t]he Court notes that the statutory protection afforded trade secrets reflects the balancing of social and economic interests." Here, the social interest involved is gaining access to evidence necessary for the Court to address and remedy statutorily recognized injury.

Finally, to the extent that State Farm believes that its loss experience data is protected, it can still be made available to the Court in this case by use of a protective order under Fed.R.Civ.P. 26(c). However, State Farm cannot prevent Plaintiffs from proving their case merely by calling something a "secret" and treating it as such.

WHEREFORE, upon the above and foregoing, Plaintiffs hereby move this Court to strike the following declarations filed in support of State Farm's Response: (1) the Declaration of Gayle Hardison, (2) the Declaration of Jeff Legner, (3) the Declaration of Donald Vinciguerra, (4) the Affidavit of Jim Larson, (5) the Affidavit of Gail Carlson, and (6) the Affidavit of Karen Terry.

Plaintiffs,
THE CONNECTORS REALTY GROUP
CORPORATION and DARRYL
WILLIAMS,


By: /s/ Kenneth Anspach
Their attorney

KENNETH ANSPACH, ESQ.
ANSPACH LAW OFFICE
111 West Washington Street
Chicago, Illinois 60602
(312) 407-7888
ken@anspachlawoffice.com

# EXHIBIT A



**RBZ000I5**

State Farm Fire and Casualty Company

# Fire Claim File Print
# General Information

Route To:

---

## BASIC CLAIM INFORMATION

| | |
|---|---|
| **Claim Number:** | 13-0670-8L5 |
| **Date of Loss:** | 01-09-2017 |
| **Policy Number:** | 93-GQ-Z610-7 |
| **Named Insured:** | THE CONNECTORS REALTY GROUP CORPORATION |

---

## REPORTING INFORMATION

### Function/Area/Environment

**Determined By:** LIT

**FAE:** HCCS Stewardship

### Recorded By

**Name:** Pamela Roberts (FEMS)

**Phone:**

**User Type:** LIT

### Reporting Agent

**Name:**

**Agent Code:**

**Phone:**

### Reporting Method

**System:** LIT

**Workflow:** Regular

---

## FACTS OF LOSS

| | | | |
|---|---|---|---|
| **Date of Loss:** | 01-09-2017 | **Time of Loss:** | |
| **Date Reported:** | 01-20-2017 | **Date/Time Recorded:** | 01-20-2017 - 05:40 PM CST |
| **Facts of Loss:** | FINAL: WINDOW WAS LEFT OPEN AND PIPES BURST | | |
| **Probable Cause:** | Water/Backup Sewer-D | **Stolen Property:** | |
| **Severity:** | 2 : Moderate Damage | | |

### Claim Group

**Claim Group:**

### Location of Loss

| | |
|---|---|
| **Location Description:** | 624 SIDE OF BUILDING |
| **Street(s):** | 622-624 W 79th |
| **County:** | |
| **Zip/Postal:** | 60620-1809 |
| **City:** | Chicago |
| **State/Prov:** | Illinois |
| **Country:** | United States |

---

## CLAIM DETAILS

| | | | | | |
|---|---|---|---|---|---|
| **Product Line:** | Fire | **Fatality Exists:** | | **Liability:** | |
| **Policy Type:** | Apartment Policy | **Record Only:** | | **AMR/ISO:** | Yes |
| **Claim File Type:** | Regular | **SIU:** | Yes | **TIPP:** | |
| **Confidential:** | Standard | **Reinsurance:** | | **Vehicle:** | |
| **Facility Code:** | 7 - In Office w/o Prox Assignment | **Large Loss:** | | **ARNR:** | |

Date: 03-09-2020

Page 1

STATE FARM CONFIDENTIAL INFORMATION
Distribution on a Business Need to Know Basis Only

EXHIBIT "A"

SFCONNECT000002PROD

| FIRE | | Claim Number: 13-0670-8L5 | | RBZ000I5 |
|---|---|---|---|---|

| | IIS: Yes | | | |
|---|---|---|---|---|
| | | **Status Information** | | |
| **Claim Status:** | Reopened 02-13-2018 | | **Reopen Reason:** | |
| **Subrogation Status:** | | | **Maintain Date:** | |
| **Matter Status:** | Open 03-20-2018 | | | |
| **Salvage Status:** | | | | |
| **Last Sent to ISO:** | 02-18-2019 | | **Misc Stat:** | |
| | | **Current Event Information** | | |
| **Contacted By:** | Tricia Rembert (HYMG) | | **Date:** | 01-25-2017 |
| **Appointment By:** | | | **Date:** | 02-03-2017 |
| **Inspected By:** | John C Millen (CXCP) | | **Date:** | 06-29-2017 |
| **ReInspected By:** | | | **Date:** | |

## ADDITIONAL DETAILS

**Companion Claims**

| Claim Number | Policy Number | Policy Type |
|---|---|---|

**Police/Fire Report**

| **Report Made:** | | **Department Reported:** | |
|---|---|---|---|
| **Report Number:** | | **Date Reported:** | **Time:** |
| **Report Requested:** | | | |

## RELATED INFO

**Fire Estimating**

| **SFPS Online:** | |
|---|---|
| **SFPSP Invoice:** | **Contents Inventory:** |

**Replacement Services**

| **SFRS Invoices:** | |
|---|---|

## CLAIM OWNER OFFICE

| **Name:** | SIU Proximity Office | **Zone:** SIU | **Section Name:** | SIU Proximity Dodson DAL Section |
|---|---|---|---|---|
| | | **Virtual Level 1:** SIU Proximity VL1 | **Virtual Level 2:** | SIU Proximity VL2 |
| **Address:** | PO Box 52257, Phoenix, AZ 850722257, USA | | **Fax:** | |
| **Claim Owner:** | Joe Fasone | | **Unit:** | SIU Fire DAL Proximity Unit G0 |
| **Phone:** | (800) 331-1169 | | **Team:** | SIU Fire DAL Proximity Team G0 |

## CLAIM HANDLER OFFICE

| **Name:** | SIU Proximity Office | **Zone:** SIU | **Section Name:** | SIU Proximity Dodson DAL Section |
|---|---|---|---|---|
| | | **Virtual Level 1:** SIU Proximity VL1 | **Virtual Level 2:** | SIU Proximity VL2 |
| **Address:** | PO Box 52257, Phoenix, AZ 850722257, USA | | **Fax:** | |
| **Claim Handler:** | Joe Fasone | | **Unit:** | SIU Fire DAL Proximity Unit G0 |
| **Phone:** | (800) 331-1169 | | **Team:** | SIU Fire DAL Proximity Team G0 |
| **Participant/COL/Line:** | Named Insured(s) / 37 / 001 | | | |

Date: 03-09-2020

STATE FARM CONFIDENTIAL INFORMATION
Distribution on a Business Need to Know Basis Only

SFCONNECT000003PROD

FIRE  Claim Number: 13-0670-8L5  RBZ000I5

## CLAIM HANDLER OFFICE

| | | | |
|---|---|---|---|
| **Name:** SIU Proximity Office | | **Zone:** SIU | **Section Name:** SIU Proximity Dodson DAL Section |
| | | **Virtual Level 1:** SIU Proximity VL1 | **Virtual Level 2:** SIU Proximity VL2 |
| **Address:** PO Box 52257, Phoenix, AZ 850722257, USA | | | **Fax:** |
| **Claim Handler:** Joe Fasone | | **Unit:** SIU Fire DAL Proximity Unit G0 | |
| **Phone:** (800) 331-1169 | | **Team:** SIU Fire DAL Proximity Team G0 | |
| **Participant/COL/Line:** Named Insured(s) / 67 / 001 | | | |

## ALERTS

| | |
|---|---|
| **Description:** heat maintained, policy inforce at DOL | |
| **Type:** Coverage | |
| **Active Date:** 01-23-2017 | **Inactive Date:** |
| **Author:** Pamela Roberts | **Last Modified:** Pamela Roberts |

## PARTICIPANT DETAILS - Named Insured

**Organization Information**

| | |
|---|---|
| **Name:** THE CONNECTORS REALTY GROUP CORPORATION | **Tax State:** IL - 13 |
| **Out of Business:** | **SSN/TIN:** XXXXX4943 |
| **Language of Choice:** English | **Sent to ISO:** 02-18-2019 |
| | **Rec Statement:** |

**Role Information (Participant from Policy)**

**Participant Type:** Named Insured

**Associated Participants**

**Association to:**

| | |
|---|---|
| **Is Associated To:** | |
| **Participant Type/Role:** | |
| **Other Claim Rep:** | **Loan #:** |
| **Other Claim #:** | **Reference #:** |
| **Other Policy #:** | **Other File #:** |
| **Comments:** | **Phone Number:** |
| | **Spouse:** |

**Additional Participant Information**

| | |
|---|---|
| **Bankruptcy:** | **Other Insurance:** |
| **Comments:** | |

**Contact Info**

| | |
|---|---|
| **Name:** THE CONNECTORS REALTY GROUP CORPORATION | **Default:** Yes |
| **Name:** THE CONNECTORS REALTY GROUP CORPORATION GROUP CORPORATION | **Default:** No |

| | | |
|---|---|---|
| **Attention:** | **In Care of:** | |
| **Address:** 332 S MICHIGAN AVE STE 1032, CHICAGO, IL, 60604-4366 | | |
| **Status:** Permanent | **Usage:** Mailing | **Default:** Yes |
| **Type:** United States | **Country:** United States | |
| **Attention:** | **In Care of:** | |

Date: 03-09-2020

Page 3

STATE FARM CONFIDENTIAL INFORMATION
Distr bution on a Business Need to Know Basis Only

SFCONNECT000004PROD

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THE CONNECTORS REALTY GROUP CORPORATION and DARRYL WILLIAMS, | |
| Plaintiffs, | |
| vs. | No. 19-cv-00743 |
| STATE FARM FIRE & CASUALTY COMPANY, | Honorable Charles P. Kocoras |
| Defendant. | |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S**
**RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION**

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through its counsel and pursuant to Federal Rule of Civil Procedure 34, responds and objects to Plaintiffs' Request for Production (the "Request") as follows:

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      State Farm objects to the Definition of "State Farm" to the extent it purports to require State Farm to respond on behalf of persons or entities who are not parties to this action, including without limitation affiliated companies, agents, assigns, consultants and vendors of Defendant State Farm Fire and Casualty Company. Plaintiffs' definition of "State Farm" is overly broad, unduly burdensome, and improperly purports to impose obligations on State Farm beyond those imposed by the Federal Rules of Civil Procedure.  State Farm in responding to the Requests interprets the term "State Farm" to mean only State Farm Fire and Casualty Company and its employees.

2.      State Farm objects to Instruction No. 1 regarding electronically stored information. ("ESI") to the extent it purports to impose obligations on State Farm beyond those permitted by Fed. R. Civ. P. 26(b)(2)(B) and 34(b)(2)(D)-(E). In particular, State Farm objects to this Instruction

to the extent it purports to require State Farm to produce electronic documents in "Native" format. Documents produced in their "Native" format are difficult to identify and track, and production of documents in their "Native" format creates an unnecessary risk that the integrity and authenticity of the documents will be compromised. In addition, in some instances TIFF or searchable PDF are the formats in which responsive documents are used and stored in the ordinary course of State Farm's business. State Farm will accordingly produce responsive ESI, to the extent feasible, in either TIFF or searchable PDF format. State Farm will produce documents that cannot reasonably be produced as PDFs or TIFF images—such as Excel spreadsheets and PowerPoint files that cannot be converted to images without degrading their usability—in their "Native" format. In addition, State Farm objects to the Instruction that produced ESI "should include metadata" on the ground that it is overly broad and would require the production of information that is not relevant to any party's claims or defenses. In addition, State Farm objects to producing "all metadata" for every produced document because producing metadata for a document that has been redacted for privilege may inadvertently disclose privileged information. State Farm will request a meet and confer to establish an agreed set of metadata fields that will be provided.

3.      State Farm objects to each Request to the extent it purports to require disclosure of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege. *See* Fed. R. Civ. P. 26(b)(5)(A). Any inadvertent disclosure of information protected by any privilege shall not constitute a waiver of that privilege. *See* Fed. R. Civ. P. 26(b)(5)(B). State Farm will provide a privilege log identifying documents withheld on the basis of attorney-client privilege, the work product doctrine, or any other applicable privilege that pre-date the filing of Plaintiffs' original complaint herein on February 5, 2019. State Farm objects to

any purported requirement that it log privileged or work-product documents created on or after February 5, 2019 on the ground that any such requirement would be unduly burdensome.

     4.     None of the objections or responses contained herein is an admission concerning the existence of any documents or materials, the relevance or admissibility of any documents, materials or information, or the truth or accuracy of any statement or characterization contained in Plaintiffs' Request. State Farm's answers and responses do not waive, and instead expressly reserve, the right to object on proper grounds to the use at trial of any produced materials, the right to object to other discovery requests, and the right at any time to revise, correct, add or clarify any of the responses provided herein. State Farm's investigation is ongoing.

## OBJECTIONS AND RESPONSES TO REQUESTS

1.     All documents set forth in Section II of Defendant State Farm Fire and Casualty Company's Rule 26(a)(1) Disclosures, *to wit:*

     a.     [Connectors'] State Farm Policy No. 93-GQ-Z610-7.

     b.     State Farm claim files for claim nos. 13-0790-6C6, 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, 13-1390-8S1 and 13-0670-8L5.

     c.     Underwriting documents for [Connectors'] State Farm Policy No. 93-GQ-Z610-7.

     d.     State Farm Operations Guides and claims procedures for property damage claims.

     e.     Documents relating to the purchase and alleged sale of the Premises in April 2016 and September 2017.

     f.     Documents relating to the occupancy of the Premises from April 2016 to September 2017.

     g.     Documents relating to [Connectors'] application for and purchase of the State Farm Policy insuring the Premises.

     h.     Documents relating to the condition of the Premises at the time of [Connectors'] application for and purchase of the State Farm Policy insuring the Premises.

3

i.      Documents relating to *City of Chicago v. The Connectors Realty Group Corporation, et al.,* docketed in the Circuit Court of Cook County, Illinois [as] Case No. 2017 M1-400127.

j.      Documents relating to *City of Chicago v. The Connectors Realty Group Corporation, et al.,* docketed in the City of Chicago, Department of Administrative Hearing as Case No. 16BT05507A.

k.     Documents relating to *City of Chicago v. The Connectors Realty Group Corporation, et al.,* docketed in the City of Chicago, Department of Administrative Hearing as Case No. 17BT00771A.

l.      Documents relating to the alleged $86,155.00 damage and loss to the Premises asserted in claim no. 13-0670-8L5.

m.     Documents relating to the alleged $46,200.00 loss of rental income from the Premises asserted in claim no. 13-0670-8L5.

m[sic]. Documents relating to the alleged $60,000 damage and loss to the Premises asserted in claim no. 13-1390-8S1.

n.      Documents relating to the alleged $116,955.00 damage and loss to the Premises asserted in claim no. 13-1390-8N9.

o.      Documents relating to the alleged $120,000.00 damage and loss to the Premises asserted in claim no. 13-0790-6C6.

p.      Documents relating to the alleged $48,500.00 damage and loss to the Premises asserted in claim no. 1301390-8K9 [sic].

q.      Documents relating to the alleged $17,500.00 damage and loss to the Premises asserted in claim no. [13-1390-8F4.].

**RESPONSE:** Subject to and without waiving its Objections to Definitions and Instructions, State Farm responds to Request No. 1 by sub-part as follows:

a.      State Farm will produce a bates numbered, certified copy of Connectors' State Farm Policy No. 93-GQ-Z610-7, which is attached to State Farm's Amended Answer, Affirmative Defenses and Counterclaim as Exhibit 1 (Dkt. 73-1).

b.      The claim files for Claim Nos. 13-0790-6C6, 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, 13-1390-8S1 and 13-0670-8L5 have been produced as SFCONNECT000001PROD-SFCONNECTPROD001815PROD.

4

c.  State Farm will produce the underwriting file for State Farm Policy No. 93-GQ-Z610-7.

d.  State Farm objects to this Request on that grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks documents that contain confidential, highly sensitive business and/or trade secret information of State Farm. Subject to and without waiving its objections, State Farm will produce the following non-confidential Operation Guides and other documents in effect at the time of Connectors' claimed losses:

  i.    Our Commitment to Policyholders;

  ii.   OG 70-75: Special Investigation Unit;

  iii.  OG 75-01: First-party Claim Handling;

  iv.   OG 75-07: Structural Loss Claim Handling;

  v.    OG 75-51: Replacement Cost – Building;

  vi.   OG 75-99: Claim Interpretations – CMP 4100, Condominium Unitowners Policy, and Coverage D- Loss Assessment;

  vii.  OG 75-100: Claim Interpretations – First Party

  viii. OG-75-110: Fungus, Mold and Mildew

State Farm will also produce relevant portions of its Standard Claims Process guides ("SCPs") and Jurisdictional References ("JRs") in effect at the time of Connectors' claimed losses after, and subject to, entry of an appropriate confidentiality protective order.

e.    State Farm objects to this Request on the ground that documents relating to the purchase and alleged sale of the Premises in April 2016 and September 2017, to the extent they exist, are in the possession, custody or control of Connectors.

f.    State Farm objects to this Request on the ground that documents relating to the occupancy of the Premises from April 2016 to September 2017, to the extent they exist, are in the possession, custody or control of Connectors. Subject to and without waiving its objections, State Farm directs Plaintiffs to the claim files produced as SFCONNECT000001PROD-SFCONNECTPROD001815PROD.

g.    State Farm will produce any nonprivileged documents in its possession, custody or control that are responsive to this Request.

h.    State Farm will produce any nonprivileged documents in its possession, custody or control that are responsive to this Request.

i.    State Farm objects to this Request on the ground that documents relating to *City of Chicago v. The Connectors Realty Group Corporation, et al.,* docketed in the Circuit Court of Cook County, Illinois as Case No. 2017 M1-400127, are in the possession, custody or control of Connectors (as a party to that action). Subject to and without waiving its objections, State Farm will produce any nonprivileged documents in its possession, custody or control that are responsive to this Request.

j.    State Farm objects to this Request on the ground that documents relating to *City of Chicago v. The Connectors Realty Group Corporation, et al.,* docketed in the City of Chicago, Department of Administrative Hearing as Case No. 16BT05507A, are in the possession, custody or control of Connectors (as a party to that action). Subject to and without waiving its objections, State Farm will produce any

nonprivileged documents in its possession, custody or control that are responsive to this Request.

k.   State Farm objects to this Request on the ground that documents relating to *City of Chicago v. The Connectors Realty Group Corporation, et al.,* docketed in the City of Chicago, Department of Administrative Hearing as Case No. 17BT00771A, are in the possession, custody or control of Connectors (as a party to that action). Subject to and without waiving its objections, State Farm will produce any nonprivileged documents in its possession, custody or control that are responsive to this Request.

l.   Nonprivileged documents in State Farm's possession, custody or control relating to the alleged $86,155.00 damage and loss to the Premises asserted in claim no. 13-0670-8L5 are included in the claim file for the claim, which has been produced as SFCONNECT000001PROD-SFCONNECTPROD000725PROD. State Farm will also produce any additional, responsive, nonprivileged documents in its possession, custody or control that can be located through a reasonable search.

m.   Nonprivileged documents in State Farm's possession, custody or control relating to the alleged $46,200.00 loss of rental income from the Premises asserted in claim no. 13-0670-8L5 are included in the claim file for that claim, which has been produced as SFCONNECT000001PROD-SFCONNECTPROD000725PROD. State Farm will also produce a declaration that it obtained from Lynnette Crawley, who Connectors has claimed was a tenant of the Premises on the date of loss, and any additional, responsive, nonprivileged documents in its possession, custody or control that can be located through a reasonable search.

7

m.[sic] Nonprivileged documents in State Farm's possession, custody or control relating to the alleged $60,000.00 damage and loss to the Premises asserted in claim no. 13-1390-8S1 are included in the claim file for that claim, which has been produced as SFCONNECT001562PROD-SFCONNECTPROD001815PROD. State Farm will also produce any additional, responsive, nonprivileged documents in its possession, custody or control that can be located through a reasonable search.

n. Nonprivileged documents in State Farm's possession, custody or control relating to the alleged $116,955.00 damage and loss to the Premises asserted in claim no. 13-1390-8N9 are included in the claim file for that claim, which has been produced as SFCONNECT001378PROD-SFCONNECTPROD001561PROD. State Farm will also produce any additional, responsive, nonprivileged documents in its possession, custody or control that can be located through a reasonable search.

o. Nonprivileged documents in State Farm's possession, custody or control relating to the alleged $120,00.00 damage and loss to the Premises asserted in claim no. 13-0790-6C6 are included in the claim file for that claim, which has been produced as SFCONNECT000726PROD-SFCONNECTPROD001003PROD. State Farm will also produce any additional, responsive, nonprivileged documents in its possession, custody or control that can be located through a reasonable search.

p. Nonprivileged documents in State Farm's possession, custody or control relating to the alleged $48,500.00 damage and loss to the Premises asserted in claim no. 13-1390-8K91 are included in the claim file for that claim, which has been produced as SFCONNECT001189PROD-SFCONNECTPROD001377PROD. State Farm

will also produce any additional, responsive, nonprivileged documents in its possession, custody or control that can be located through a reasonable search.

q.   Nonprivileged documents in State Farm's possession, custody or control relating to the alleged $17,500.00 damage and loss to the Premises asserted in claim no. 13-1390-8F4 are included in the claim file for that claim, which has been produced as SFCONNECT001004PROD-SFCONNECTPROD001188PROD. State Farm will also produce any additional, responsive, nonprivileged documents in its possession, custody or control that can be located through a reasonable search.

2.   All data maintained by State Farm regarding loss experience on its first party property insurance, including but not limited to its homeowners lines, small business insurance and apartment policies, organized by ZIP Code for the City of Chicago, Illinois, and for the State of Illinois.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 2 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature, and objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

3.   All premium and loss data, categorized by zip code, for the State of Illinois, for all homeowners lines reported by State Farm to the Illinois Department of Insurance pursuant to 50 Ill. Adm. Code Section 4203.30, including, but not limited to, a count of the number of written exposures, paid losses and outstanding losses, for reporting years 2012-2020.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 3 on the grounds that it is overly broad in both time and scope, unduly

burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature, and objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

4.  All premium and loss data, categorized by zip code, for the City of Chicago in the State of Illinois, for all homeowners lines reported by State Farm to the Illinois Department of Insurance pursuant to 50 Ill. Adm. Code Section 4203.30, including, but not limited to, a count of the number of written exposures, paid losses and outstanding losses, for reporting years 2012-2020.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 4 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature, and objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

5.  Any and all documents setting forth algorithmic procedures, commonly known as actuarial risk assessment instruments or predictive analytic tools, that are utilized in connection with claims on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 5 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not

proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature, and objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

     6.     Any and all databases or aggregations of data used in connection with algorithmic procedures, commonly known as actuarial risk assessment instruments or predictive analytic tools, that are utilized in connection with claims on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 6 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature, and objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

     7.     Any and all documents setting forth data regarding loss experience on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Uni towners Insurance, Renters Insurance and Rental Property Insurance, and Small Business Insurance and on Business Owners Policies issued by State Farm, organized by ZIP Code for the City of Chicago, Illinois.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 7 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it

seeks discovery concerning claims of putative members of the proposed, uncertified class, on the

ground that such discovery is premature. State Farm further objects to this Request on the grounds

that it purports to require State Farm to produce documents "organized" in a manner other than the

way they are kept by State Farm in the ordinary course of business, and that it seeks the production

of confidential business information and/or trade secrets of State Farm.

8.     Any and all documents setting forth data regarding loss experience on home and
       property insurance issued by State Farm, including but not limited to Homeowners
       Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property
       Insurance, and on Small Business Insurance and Business Owners Policies issued
       by State Farm, organized by ZIP Code for the City of Chicago, Illinois, that
       correlate that data to payment of any and all claims.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm

objects to Request No. 8 on the grounds that it is overly broad in both time and scope, unduly

burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not

proportional to the needs of the case. State Farm further objects to this Request to the extent it

seeks discovery concerning claims of putative members of the proposed, uncertified class, on the

ground that such discovery is premature, and objects that this Request seeks the production of

confidential business information and/or trade secrets of State Farm.

9.     Any and all documents setting forth the number of claims on home and property
       insurance issued by State Farm, including but not limited to Homeowners Insurance,
       Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and
       on Small Business Insurance and Business Owners Policies issued by State Farm, sent
       to the Special Investigations Unit for alleged fraud organized by ZIP Code for the City
       of Chicago, Illinois.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm

objects to Request No. 9 on the grounds that it is overly broad in both time and scope, unduly

burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not

proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature. State Farm further objects to this Request on the grounds that it purports to require State Farm to produce documents "organized" in a manner other than the way they are kept by State Farm in the ordinary course of business, and that it seeks the production of confidential business information and/or trade secrets of State Farm.

10.    Any and all documents setting forth the number of claims on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm, sent to the Special Investigations Unit for alleged fraud organized by ZIP Code for the City of Chicago, Illinois, which were denied.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 10 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature. State Farm further objects to this Request on the grounds that it purports to require State Farm to produce documents "organized" in a manner other than the way they are kept by State Farm in the ordinary course of business, and that it seeks the production of confidential business information and/or trade secrets of State Farm.

11.    Any and all documents setting forth the number of claims on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm, sent to the Special Investigations Unit for alleged fraud organized by ZIP Code for the City of Chicago, Illinois, which were paid.

13

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 11 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature. State Farm further objects to this Request on the grounds that it purports to require State Farm to produce documents "organized" in a manner other than the way they are kept by State Farm in the ordinary course of business, and that it seeks the production of confidential business information and/or trade secrets of State Farm.

12. Any and all documents setting forth the number of claims on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm, setting forth the National Insurance Crime Bureau Indicators for Fraud sent to the Special Investigations Unit for alleged fraud organized by ZIP Code for the City of Chicago, Illinois.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 12 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature. State Farm further objects to this Request on the grounds that it purports to require State Farm to produce documents "organized" in a manner other than the way they are kept by State Farm in the ordinary course of business, and that it seeks the production of confidential business information and/or trade secrets of State Farm.

14

13.     Any and all documents setting forth the number of claims on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm, setting forth the National Association of Insurance Commissioners Indicators for Fraud not sent to the Special Investigations Unit for alleged fraud organized by ZIP Code for the City of Chicago, Illinois.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 13 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature. State Farm further objects to this Request on the grounds that it purports to require State Farm to produce documents "organized" in a manner other than the way they are kept by State Farm in the ordinary course of business, and that it seeks the production of confidential business information and/or trade secrets of State Farm.

14.     Any and all documents setting forth data regarding loss experience on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm, organized by race for the City of Chicago, Illinois.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 14 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature. State Farm further objects to this Request on the grounds

that it seeks the production of confidential business information and/or trade secrets of State Farm, and that State Farm does not track or organize loss experience by race.

      15.     Any and all documents setting forth data regarding loss experience on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm, organized by race for the City of Chicago, Illinois that correlate that data to payment of any and all claims.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 15 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature. State Farm further objects to this Request on the grounds that it seeks the production of confidential business information and/or trade secrets of State Farm, and that State Farm does not track or organize loss experience by race.

      16.     Any and all documents setting forth the number of claims on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm, sent to the Special Investigations Unit for alleged fraud organized by race for the City of Chicago, Illinois.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 16 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the

ground that such discovery is premature. State Farm further objects to this Request on the grounds

that it seeks the production of confidential business information and/or trade secrets of State Farm,

and that State Farm does not track or organize loss experience by race.

17.   Any and all documents setting forth the number of claims on home and property
insurance issued by State Farm, including but not limited to Homeowners Insurance,
Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and
on Small Business Insurance and Business Owners Policies issued by State Farm, sent
to the Special Investigations Unit for alleged fraud organized by race for the City of
Chicago, Illinois, which were denied.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm

objects to Request No. 17 on the grounds that it is overly broad in both time and scope, unduly

burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not

proportional to the needs of the case. State Farm further objects to this Request to the extent it

seeks discovery concerning claims of putative members of the proposed, uncertified class, on the

ground that such discovery is premature. State Farm further objects to this Request on the grounds

that it seeks the production of confidential business information and/or trade secrets of State Farm,

and that State Farm does not track or organize loss experience by race.

18.   Any and all documents setting forth the number of claims on home and property
insurance issued by State Farm, including but not limited to Homeowners Insurance,
Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and
on Small Business Insurance and Business Owners Policies issued by State Farm, sent
to the Special Investigations Unit for alleged fraud organized by race for the City of
Chicago, Illinois, which were paid.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm

objects to Request No. 18 on the grounds that it is overly broad in both time and scope, unduly

burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not

proportional to the needs of the case. State Farm further objects to this Request to the extent it

seeks discovery concerning claims of putative members of the proposed, uncertified class, on the

ground that such discovery is premature. State Farm further objects to this Request on the grounds

that it seeks the production of confidential business information and/or trade secrets of State Farm,

and that State Farm does not track or organize loss experience by race.

19. Any and all documents setting forth the number of claims on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm, for which the National Association of Insurance Commissioners Indicators for Fraud were utilized as a purported basis for sending the claims to the Special Investigations Unit for alleged fraud organized by race for the City of Chicago, Illinois.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm

objects to Request No. 19 on the grounds that it is overly broad in both time and scope, unduly

burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not

proportional to the needs of the case. State Farm further objects to this Request to the extent it

seeks discovery concerning claims of putative members of the proposed, uncertified class, on the

ground that such discovery is premature. State Farm further objects to this Request on the grounds

that it seeks the production of confidential business information and/or trade secrets of State Farm,

and that State Farm does not track or organize loss experience by race.

20. Any and all documents setting forth the number of claims on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm, for which the National Association of Insurance Commissioners Indicators for Fraud were utilized as a purported basis for not sending the claims to the Special Investigations Unit for alleged fraud organized by race for the City of Chicago, Illinois.

18

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 20 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature. State Farm further objects to this Request on the grounds that it seeks the production of confidential business information and/or trade secrets of State Farm, that State Farm does not track or organize loss experience by race, and that it is incomprehensible.

21.   For claims made on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm, any and all documents setting forth any numeric or categorical value reflecting an assessment of whether such claims are fraudulent.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 21 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature. State Farm further objects to Request No. 21 on the ground that the request for documents "setting forth any numeric or categorical value reflecting an assessment of which such claims are fraudulent" is vague, ambiguous, and incomprehensible, and that it appears to seek the production of confidential business information and/or trade secrets of State Farm.

22. For State Farm Claim Nos. 13-0790-6C6, 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, 13-1390-8S1 and 13-0670-8L5 any and all documents setting forth any numeric or categorical value reflecting an assessment of whether such claims are fraudulent.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 22 on the ground that the request for documents "setting forth any numeric or categorical value reflecting an assessment of which such claims are fraudulent" is vague, ambiguous, and incomprehensible. Subject to and without waiving these objections, State Farm directs Plaintiffs to the claim files for Claim Nos. 13-0790-6C6, 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, 13-1390-8S1 and 13-0670-8L5, which have been produced as SFCONNECT000001PROD-SFCONNECTPROD001815PROD.

23. Any and all documents relating to any and all actions brought against State Farm under 215 ILCS 5/424(3) for "Making or permitting, in the case of insurance of the types enumerated in Classes 1, 2, and 3 of Section 4, any unfair discrimination between individuals or risks of the same class or of essentially the same hazard and expense element because of the race [or] color,... of such insurance risks or applicants."

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 23 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature, and on the ground that it purports to require the production of documents that are protected by the attorney-client privilege and/or the work product doctrine.

24.     Any and all documents relating to racial discrimination in the issuance of insurance by State Farm.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 24 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party as Connectors has not alleged any racial discrimination in the issuance of its State Farm Policy, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature.

25.     Any and all documents relating to racial discrimination in the payment of claims by State Farm.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 25 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature. Subject to and without waiving these objections, State Farm has produced the claim files relating to the property damage claims made by Connectors, which include nonprivileged documents in State Farm's possession, custody or control relating to State Farm's handling of Connectors' claims. State Farm will also produce any additional, nonprivileged documents in its possession, custody or control relating to the handling of Connectors' claims that can be located through a reasonable search.

26.     Any and all documents, correspondence, emails, notes, memoranda, telephone recordings and other recordings containing or setting forth communications to or from any and all State Farm employees, including but not limited to, Thomas Wegner, Joe Fasone, Tina Beavers, John C. Millen, Cyndi Carrington, Kil Ye Winans, Ken Treadway, Roger Krupp, Nabad Gavi, Price Shoemaker, Brian Rafalski, Beth Pallissard, Kenn Shreckengost, Chad Pratley, Kim Swigart-Hicks, Vick Derrick, Kevin L. Poster, Duncan Kelsey, Tricia Rembert, Jeff Gaffney, Lorraine T. Dukelow, Briana Barradas, Jose M. Rodriguez, Andy Jun, Amir Ghasemi, Erica Voigt, Gayle Hardison, Parfait Nayigihugu, Bartell Williams, Kerrie Anderson, Darryl Henry, Maureen Doheny, Carrie F. Turner, Tracy Jenkins, Nancy Clayton, Elisa Johnston, Andrea Wills, Doug Overstreet, Justin Tritch, Buffie Marshall, Mike Lester, Janice Hayes, Veronica Hernandez, Carlos Diaz, Kerrie Anderson and Pamela Roberts, regarding State Farm Claim Nos. 13-0790-6C6, 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, 13-1390-8S1 and 13-0670-8L5.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 26 on the grounds that its request for *all* documents containing or setting forth communications to or from almost fifty State Farm employees or former employees regarding Connectors' property damage claims is overly broad, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving these objections, State Farm directs Plaintiffs to the claim files for State Farm State Farm Claim Nos. 13-0790-6C6, 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, 13-1390-8S1 and 13-0670-8L5 that have already been produced as SFCONNECT000001PROD-SFCONNECTPROD001815PROD. State Farm will also produce any additional, non-privileged communications of Thomas Wegner, Tina Beavers, Roger Krupp, Kim Swigart-Hicks and/or Tricia Rembert regarding State Farm Claim Nos. 13-0790-6C6, 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, 13-1390-8S1 and 13-0670-8L5 that may be located by a reasonable search.

27.     Any and all documents related to the education, training, development and operational responsibilities of Thomas Wegner, Joe Fasone, Tina Beavers, John C. Millen, Cyndi Carrington, Kil Ye Winans, Ken Treadway, Roger Krupp, Nabad Gavi, Price Shoemaker, Brian Rafalski, Beth Pallissard, Kenn Shreckengost, Chad Pratley, Kim Swigart-Hicks, Vick Derrick, Kevin L. Poster, Duncan Kelsey, Tricia

Rembert, Jeff Gaffney, Lorraine T. Dukelow, Briana Barradas, Jose M. Rodriguez, Andy Jun, Amir Ghasemi, Parfait Nayigihugu, Bartell Williams, Kerrie Anderson , Darryl Henry Maureen Doheny, Carrie F. Turner, Tracy Jenkins, Nancy Clayton, Elisa Johnston, Andrea Wills, Doug Overstreet, Justin Tritch, Buffie Marshall, Mike Lester, Janice Hayes, Veronica Hernandez, Carlos Diaz Veronica Hernandez, Carlos Diaz [sic], Kerrie Anderson and Pamela Roberts, and any and all documents setting forth their contact information, and/or referencing their employment positions and duties during the period January 1, 2017 to the present.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 27 on the grounds that it its request for *all* documents relating to "the education, training, development and operational responsibilities" of almost fifty State Farm employees or former employees, and its request for *all* documents "setting forth their contact information, and/or referencing their employment positions and duties during the period from January 1, 2017 to the present" is overly broad, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to Request No. 27 on the ground that it seeks confidential, private and personal information of the identified employees, and that it seeks the production of confidential business information and/or trade secrets of State Farm. Subject to and without waiving these objections, State Farm responds that after, and subject to, the entry of an appropriate confidentiality protective order, State Farm will produce documents sufficient to identify any training related to structural loss claim handling received from State Farm by the following individuals prior to January 1, 2017:

Thomas Wegner

Tina Beavers

Roger Krupp

Kim Swigart-Hicks

Tricia Rembert

28.     Any and all documents, correspondence, emails, notes, memoranda, telephone recordings and other recordings containing or setting forth communications regarding State Farm Claim Nos. 13-0790-6C6, 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, 13-1390-8S1 and 13-0670-8L5.

**RESPONSE:** Subject to and without waiving its Objections to Definitions and Instructions, State Farm directs Plaintiffs to the claim files for Claim Nos. 13-0790-6C6, 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, 13-1390-8S1 and 13-0670-8L5, which have been produced as SFCONNECT000001PROD-SFCONNECTPROD001815PROD, and any additional responsive documents that may be produced in response to Request No. 26.

29.     Any and all claims policies, guidelines, requirements, procedures and manuals governing the handling of State Farm Claim Nos. 13-0790-6C6, 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, 13-1390-8S1 and 13-0670-8L5, including, but not limited to the following: (1) property and casualty claims policies and procedures applicable to the Special Investigations Unit, (2) property and casualty claims policies and procedures applicable to claim committee reports and procedures, (3) policies and procedures applicable to outstanding and unpaid claims, (4) policies and procedures applicable to loss payment.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 29 on the grounds that its request for "[a]ny and all claims policies, guidelines, requirements, procedures and manuals" relating to policies and procedures applicable to the Special Investigations Unit, claim committee reports and procedures, outstanding and unpaid claims, and "loss payment" is overly broad, unduly burdensome, seeks documents not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm. Subject to and without waiving these objections, State Farm will produce the non-confidential Operation Guides identified in its Response to Request No. 1.d., and

will produce relevant portions of the confidential SCPs and JRs identified in that response after, and subject to, the entry of an appropriate confidentiality protective order.

30.   Any and all claim committee reports relating to State Farm Claim Nos. 13 -0790-6C6, 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, 13-1390-8S1 and 13-0670-8L5.

**RESPONSE**:  In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 30 on the ground that it seeks documents that are not relevant to the claim or defense of any party. Subject to and without waiving these objections, State Farm has no documents responsive to this Request.

31.   Any and all inspection reports of Premises including, but not limited to, that referenced at entry dated 7-18-2017 by Roger Krupp on the document produced by State Farm bearing Bates No. SFCONNECT000042PROD, and that referenced at entry dated 7 -62017 by John Millen on the document produced by State Farm bearing Bates No. SFCONNECT000042PROD, and that referenced as an SIU/MCIU Report and Investigation at the entry dated 5-23-2017 by Thomas Wegner on the document produced by State Farm bearing Bates No. SFCONNECT000044PROD.

**RESPONSE**: Subject to and without waiving its Objections to Definitions and Instructions, State Farm directs Plaintiffs to the claim files that have been produced as SFCONNECT000001PROD-SFCONNECTPROD001815PROD.

32.   All estimates of loss and damage for State Farm Claim Nos. 13-0790-6C6, 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, 13-1390-8S1 and 13-0670-8L5.

**RESPONSE**: Subject to and without waiving its Objections to Definitions and Instructions, State Farm directs Plaintiffs to the claim files that have been produced as SFCONNECT000001PROD-SFCONNECTPROD001815PROD.

33.     Any and all documents, correspondence, emails, notes, memoranda and recordings containing or setting forth communications to or from Larry Williams, Agent, regarding Connectors' application for and purchase of Connectors' State Farm Policy No. 93-GQ-Z610-7, the condition of the Premises at the time of the application, and/or State Farm Claim Nos. 13-0790-6C6, 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, 13-1390-8S1 and 13-0670-8L5.

**RESPONSE:** Subject to and without waiving its Objections to Definitions and Instructions, State Farm responds that it will produce the underwriting file for State Farm Policy No. 93-GQ-Z610-7, and further directs Plaintiffs to the claim files that have been produced in SFCONNECT000001PROD-SFCONNECTPROD001815PROD.

34.     Any and all documents, correspondence, emails, notes, memoranda and recordings containing or setting forth communications to or from any tenant or former tenant at the Premises, including but not limited to Martina Brown, Dominique Jones, Lynette Crawley Michael Muench and Jesse Torres, regarding or relating to State Farm Claim Nos. 13-07906C6, 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, 13-1390-8S1 and 13-0670-8L5.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 34 to the extent it seeks the production of documents that are protected by the attorney work-product doctrine. Subject to and without waiving these objections, State Farm will produce the signed declaration of Lynette Crawley.

35.     Any and all documents concerning the training of employees of State Farm concerning the handling and treatment of fraudulent claims.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 35 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the

ground that such discovery is premature, and objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm. Subject to and without waiving these objections, State Farm will produce documents sufficient to identify any training concerning the handling of fraudulent structural loss property damage claims that Tina Beavers, Tricia Rembert, Roger Krupp and/or Thomas Wegner received from State Farm in 2016 and 2017.

36.     Any and all policy manuals concerning the handling and treatment of fraudulent claims.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 36 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature, and objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm. Subject to and without waiving these objections, State Farm will produce its non-confidential Operation Guide 70-75: Special Investigation Unit in effect at the time of Connectors' claimed losses and will produce relevant portions of its confidential Special Investigation Unit Standard Claim Process guide in effect at the time of Connectors' claimed losses after, and subject to, the entry of an appropriate confidentiality protective order.

37.     Any and all documents concerning the training of employees of State Farm concerning the handling and treatment of claims made on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 37 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature, and objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm. Subject to and without waiving these objections, State Farm will produce the documents identified in its Response to Request No. 27.

38. Any and all policy manuals concerning the handling and treatment of claims made on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 38 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature, and objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm. Subject to and without waiving these objections, State Farm will produce the non-confidential Operation Guides identified in its Response to Request No. 1.d., and will produce relevant portions of the confidential SCPs and JRs identified in that response after, and subject to, the entry of an appropriate confidentiality protective order.

28

39.     Any and all documents relating to the origin, establishment, purpose and intention of the Special Investigations Unit ("SIU").

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 39 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature, and objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

40.     Any and all documents setting forth criteria for the referral of claims to the SIU.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 40 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature, and objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm. Subject to and without waiving these objections, State Farm will produce its Operation Guide 70-75: Special Investigation Unit.

41.     Any and all documents relating to the origin, establishment, purpose and intention of the SIU Proximity Office, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT000003PROD.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 41 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

42. Any and all documents setting forth criteria for the referral of claims to the SIU Proximity Office, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT000003PROD.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 42 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm. Subject to and without waiving these objections, State Farm will produce the document[s] identified in its Response to Request No. 40.

43. Any and all documents relating to the origin, establishment, purpose and intention of the SIU Proximity Dodson DAL Section, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT000003PROD.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 43 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

44. Any and all documents setting forth criteria for the referral of claims to the SIU Proximity Dodson DAL Section, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT000003PROD.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 44 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

45. Any and all documents relating to the origin, establishment, purpose and intention of the SIU Proximity VL1, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT000003PROD.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 45 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

46. Any and all documents setting forth criteria for the referral of claims to the SIU Proximity VL1, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT000003PROD.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 46 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

47.     Any and all documents relating to the origin, establishment, purpose and intention of the SIU Proximity VL2, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT000003PROD.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 47 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

48.     Any and all documents setting forth criteria for the referral of claims to the SIU Proximity VL2, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT000003PROD.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 48 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

49.     Any and all documents relating to the origin, establishment, purpose and intention of the SIU Fire DAL Proximity Unit G0, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT000003PROD.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 49 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

50.     Any and all documents setting forth criteria for the referral of claims to the SIU
        Fire DAL Proximity Unit G0, the name of which is identified on the document
        produced by State Farm bearing Bates No. SFCONNECT000003PROD.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm

objects to Request No. 50 on the grounds that it is overly broad in both time and scope, unduly

burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not

proportional to the needs of the case. State Farm further objects that this Request seeks the

production of confidential business information and/or trade secrets of State Farm.

51.     Any and all documents relating to the origin, establishment, purpose and intention
        of the SIU Fire DAL Proximity Team G0, the name of which is identified on the
        document produced by State Farm bearing Bates No. SFCONNECT000003PROD.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm

objects to Request No. 51 on the grounds that it is overly broad in both time and scope, unduly

burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not

proportional to the needs of the case. State Farm further objects that this Request seeks the

production of confidential business information and/or trade secrets of State Farm.

52.     Any and all documents setting forth criteria for the referral of claims to the SIU
        Fire DAL Proximity Team G0, the name of which is identified on the document
        produced by State Farm bearing Bates No. SFCONNECT000003PROD.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm

objects to Request No. 52 on the grounds that it is overly broad in both time and scope, unduly

burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not

proportional to the needs of the case. State Farm further objects that this Request seeks the

production of confidential business information and/or trade secrets of State Farm.

53.     Any and all documents relating to the origin, establishment, purpose and intention of the SIU Fire CA Team, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT000011PROD.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 53 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

54.     Any and all documents setting forth criteria for the referral of claims to SIU Fire CA Team, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT000011PROD.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 54 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the cases. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

55.     Any and all documents relating to the origin, establishment, purpose and intention of the SIUKALF, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT000032PROD.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 55 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

56. Any and all documents setting forth criteria for the referral of claims to SIUKALF, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT000032PROD.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 56 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

57. Any and all documents relating to the origin, establishment, purpose and intention of the SIU Fire Prox 67, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT000097PROD-SFCONNECT000098PROD and SFCONNECT000104PROD.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 57 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

58. Any and all documents setting forth criteria for the referral of claims to the SIU Fire Prox 67, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT000097PROD-SFCONNECT000098PROD and SFCONNECT000104PROD.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 58 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

59.     Any and all documents relating to the origin, establishment, purpose and intention of the SIUPROJ, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT0000772PROD.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 59 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

60.     Any and all documents setting forth criteria for the referral of claims to the SIUPROJ, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT0000772PROD.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 60 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

61.     Any and all documents relating to the origin, establishment, purpose and intention of the SIU/MCIU Fire F, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT0000793PROD.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 61 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

62. Any and all documents setting forth criteria for the referral of claims to the SIU/MCIU Fire F, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT0000793PROD.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 62 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

63. Any and all documents relating to the origin, establishment, purpose and intention of the SIU/MCIU ESIU Fire CA Team, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT0000794PROD.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 63 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

64. Any and all documents setting forth criteria for the referral of claims to the SIU/MCIU ESIU Fire CA Team, the name of which is identified on the document produced by State Farm bearing Bates No. SFCONNECT0000794PROD.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 64 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

65.     Any and all reports of SIU reviews of National Insurance Crime Bureau ("NICB") indicators of potential fraud for State Farm Claim Nos. 13-0790-6C6, 13-1390-8K9, 13-1390-8F4, 13-1390-8N9, 13-1390-8S1 and 13-0670-8L5.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 65 on the ground that "reports" is vague and ambiguous. Subject to and without waiving these objections, State Farm directs Plaintiffs to the claim files produced as SFCONNECT000001PROD-SFCONNECTPROD001815PROD, which identify fraud indicators associated with those claims. State Farm will also produce any additional, responsive, non-privileged documents in its possession, custody or control that can be located through a reasonable search.

66.     Any and all documents related to the File Change entry in the Claim File Notes for Claim No. 13-0670-8L5 dated October 24, 2017 at 4:47 PM EDT for Roger Krupp set forth on the document produced by State Farm bearing Bates No. SFCONNECT000048PROD.

**RESPONSE:** Subject to and without waiving its Objections to Definitions and Instructions, State Farm directs Plaintiffs to the claim file for Claim No. 13-0670-8L5, produced as SFCONNECT000001PROD-SFCONNECTPROD000725PROD. State Farm will also produce any additional, responsive, nonprivileged documents in its possession, custody or control that can be located through a reasonable search.

67.     Any and all documents, including but not limited to the MCAR Survey and QCF, related to the entry in the Claim File Notes for Claim No. 13-0670-8L5 dated October 25, 2017 at 1:04 AM EDT for Roger Krupp on the documents produced by State Farm bearing Bates No. SFCONNECT000039PROD-SFCONNECT000040PROD and SFCONNECT000082PROD.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 67 on the grounds that the reference to "QCF" is vague and ambiguous, and that the Request seeks documents that are not relevant to the claim or defense of any party and is not proportional to the needs of the case. Subject to and without waiving these objections, State Farm directs Plaintiffs to the claim file for Claim No. 13-0670-8L5, produced as SFCONNECT000001PROD-SFCONNECTPROD000725PROD. State Farm will also produce any additional, responsive, nonprivileged documents in its possession, custody or control that can be located through a reasonable search.

68.     Any and all documents related to the SIU Status entry in the Claim File Notes for Claim No. 13-0670-8L5 dated October 24, 2017 at 4:46 PM EDT for Roger Krupp on the document produced by State Farm bearing Bates No. SFCONNECT000040PROD.

**RESPONSE**: Subject to and without waiving its Objections to Definitions and Instructions, State Farm directs Plaintiffs to the claim file for Claim No. 13-0670-8L5, produced as SFCONNECT000001PROD-SFCONNECTPROD000725PROD. State Farm will also produce any additional, responsive, nonprivileged documents in its possession, custody or control that can be located through a reasonable search.

69.     Any and all documents related to the entry in the Claim File Notes for Claim No. 13-0670-8L5 dated April 27, 2017 at 4:01 AM EDT for Thomas Wegner regarding "File Change: Manage SIU Claim Information Added" on the documents produced by State Farm bearing Bates No. SFCONNECT000083PROD-SFCONNECT000084PROD.

**RESPONSE**: Subject to and without waiving its Objections to Definitions and Instructions, State Farm directs Plaintiffs to the claim file for Claim No. 13-0670-8L5, produced as SFCONNECT000001PROD-SFCONNECTPROD000725PROD. State Farm will also produce

any additional, responsive, nonprivileged documents in its possession, custody or control that can

be located through a reasonable search.

      70.     Any and all documents related to the entry in the Claim File Notes for Claim No. 13-0790-6C6 dated April 24, 2017 at 4:50 PM EDT for Roger Krupp regarding "File Change: Manage SIU Claim Information Modified" on the document produced by State Farm bearing Bates No. SFCONNECT0000783PROD-SFCONNECT0000784PROD.

**RESPONSE**: Subject to and without waiving its Objections to Definitions and

Instructions, State Farm directs Plaintiffs to the claim file for Claim No. 13-0790-6C6, produced

as SFCONNECT000726PROD-SFCONNECTPROD001003PROD. State Farm will also produce

any additional, responsive, nonprivileged documents in its possession, custody or control that can

be located through a reasonable search.

      71.     Any and all documents related to the entry in the Claim File Notes for Claim No. 13-0670-8L5 dated April 27, 2017 at 3:48 PM EDT for Chad Pratley regarding "File Change: Appointment Event" and on the document produced by State Farm bearing Bates No. SFCONNECT000084PROD.

**RESPONSE**: Subject to and without waiving its Objections to Definitions and

Instructions, State Farm directs Plaintiffs to the claim file for Claim No. 13-0670-8L5, produced

as SFCONNECT000001PROD-SFCONNECTPROD000725PROD. State Farm will also produce

any additional, responsive, nonprivileged documents in its possession, custody or control that can

be located through a reasonable search.

      72.     Any and all documents related to the entry in the Claim File Notes for Claim No. 13-1390-8K9 dated October 24, 2017 at 6:15 PM CDT for Roger Krupp regarding "File Change: Manage SIU Claim Information Modified" on the document produced by State Farm bearing Bates No. SFCONNECT00001238PROD.

**RESPONSE**: Subject to and without waiving its Objections to Definitions and Instructions, State Farm directs Plaintiffs to the claim file for Claim No. 13-1390-8K9, produced as SFCONNECT001189PROD-SFCONNECTPROD001377PROD. State Farm will also produce any additional, responsive, nonprivileged documents in its possession, custody or control that can be located through a reasonable search.

73. Any and all documents related to the entry in the Claim File Notes for Claim No. 13-0670-8L5 dated March 2, 2017 at 9:10 AM CST for Roger Krupp regarding "File Change: Appointment Event" on the document produced by State Farm bearing Bates No. SFCONNECT000089PROD.

**RESPONSE**: Subject to and without waiving its Objections to Definitions and Instructions, State Farm directs Plaintiffs to the claim file for Claim No. 13-0670-8L5, produced as SFCONNECT000001PROD-SFCONNECTPROD000725PROD. State Farm will also produce any additional, responsive, nonprivileged documents in its possession, custody or control that can be located through a reasonable search.

74. Any and all documents setting forth guidelines, procedures and requirements relating to an "assignment review percentage" for any and all State Farm employees as that term is utilized on the document produced by State Farm bearing Bates No. SFCONNECT0000772PROD.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 74 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

41

75.     Any and all documents setting forth performance goals, targets, quotas and requirements for any and all State Farm employees handling claims on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm

objects to Request No. 75 on the grounds that it is overly broad in both time and scope, unduly

burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not

proportional to the needs of the case. State Farm further objects to this Request to the extent it

seeks discovery concerning claims of putative members of the proposed, uncertified class, on the

ground that such discovery is premature, objects that the terms "goals, targets, quotas and

requirements" as used in this Request are vague and ambiguous, and objects that the Request

appears to seek the production of confidential business information and/or trade secrets of State

Farm.

76.     Any and all documents relating to employee compensation in relation to performance goals, targets, quotas and requirements for any and all State Farm employees handling claims on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm

objects to Request No. 76 on the grounds that it is overly broad in both time and scope, seeks

documents that are not relevant to the claim or defense of any party, and is not proportional to the

needs of the case. State Farm further objects to this Request to the extent it seeks discovery

concerning claims of putative members of the proposed, uncertified class, on the ground that such

discovery is premature, objects that the terms "goals, targets, quotas and requirements" as used in

this Request are vague and ambiguous, and objects that the Request appears to seek the production

of confidential business information and/or trade secrets of State Farm.

77.    Any and all documents setting forth performance goals, targets, quotas and
       requirements for any and all State Farm employees who are attorneys providing
       opinions regarding claims on home and property insurance issued by State Farm,
       including but not limited to Homeowners Insurance, Condo Unit owners Insurance,
       Renters Insurance and Rental Property Insurance, and on Small Business Insurance
       and Business Owners Policies issued by State Farm.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm

objects to Request No. 77 on the grounds that it is overly broad in both time and scope, seeks

documents that are not relevant to the claim or defense of any party, and is not proportional to the

needs of the case. State Farm further objects to this Request to the extent it seeks discovery

concerning claims of putative members of the proposed, uncertified class, on the ground that such

discovery is premature, objects that the terms "goals, targets, quotas and requirements" as used in

this Request are vague and ambiguous, and objects that the Request appears to seek the production

of confidential business information and/or trade secrets of State Farm. State Farm further objects

to this Request to the extent it seeks documents that are protected from disclosure by the attorney-

client privilege and/or the attorney work product doctrine.

78.    Any and all documents relating to employee compensation in relation to
       performance goals, targets, quotas and requirements for any and all State Farm
       employees who are attorneys providing opinions regarding claims on home and
       property insurance issued by State Farm, including but not limited to Homeowners
       Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property
       Insurance, and on Small Business Insurance and Business Owners Policies issued
       by State Farm.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm

objects to Request No. 78 on the grounds that it is overly broad in both time and scope, seeks

documents that are not relevant to the claim or defense of any party, and is not proportional to the

needs of the case. State Farm further objects to this Request to the extent it seeks discovery

concerning claims of putative members of the proposed, uncertified class, on the ground that such

discovery is premature, objects that the terms "goals, targets, quotas and requirements" as used in

this Request are vague and ambiguous, and objects that the Request appears to seek the production

of confidential business information and/or trade secrets of State Farm. State Farm further objects

to this Request to the extent it seeks documents that are protected from disclosure by the attorney-

client privilege and/or the attorney work product doctrine.

79.     Any and all documents setting forth performance goals, targets and requirements
        for any and all attorneys engaged by State Farm providing opinions regarding
        claims on home and property insurance issued by State Farm, including but not
        limited to Homeowners Insurance, Condo Unit owners Insurance, Renters
        Insurance and Rental Property Insurance, and on Small Business Insurance and
        Business Owners Policies issued by State Farm.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm

objects to Request No. 79 on the grounds that it is overly broad in both time and scope, seeks

documents that are not relevant to the claim or defense of any party, and is not proportional to the

needs of the case. State Farm further objects to this Request to the extent it seeks discovery

concerning claims of putative members of the proposed, uncertified class, on the ground that such

discovery is premature, objects that the terms "goals, targets, quotas and requirements" as used in

this Request are vague and ambiguous, and objects that the Request appears to seek the production

of confidential business information and/or trade secrets of State Farm. State Farm further objects

to this Request to the extent it seeks documents that are protected from disclosure by the attorney-

client privilege and/or the attorney work product doctrine.

80. Any and all documents relating to employee compensation in relation to performance goals, targets and requirements for any and all attorneys engaged by State Farm providing opinions regarding claims on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 80 on the grounds that it is overly broad in both time and scope, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature, and objects that the terms "goals, targets, quotas and requirements" as used in this Request are vague and ambiguous, as is the term "employee compensation" for "attorneys engaged by State Farm providing opinions." State Farm further objects to this Request on the grounds that it appears to seek the production of confidential business information and/or trade secrets of State Farm, and that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

81. Any and all documents, including but not limited to bills and invoices, received from People's Gas regarding furnishing, provision and maintenance of heat at the Premises.

**RESPONSE**: Subject to and without waiving its Objections to Definitions and Instructions, State Farm directs Plaintiffs to the claim files produced as SFCONNECT000001PROD-SFCONNECTPROD001815PROD.

82. Any and all documents, including but not limited to correspondence, notes, bills and invoices, relating to the furnishing, provision and maintenance of heat at the Premises.

**RESPONSE**: Subject to and without waiving its Objections to Definitions and Instructions, State Farm directs Plaintiffs to the claim files produced as SFCONNECT000001PROD-SFCONNECTPROD001815PROD.

83. Any and all documents, including but not limited to correspondence, notes, bills and invoices, relating to the furnishing, provision and maintenance of heat at the Premises in the name of, or for the account of, any tenant or former tenant at the Premises, including but not limited to Martina Brown, Dominique Jones, Lynette Crawley Michael Muench and Jesse Torres.

**RESPONSE**: Subject to and without waiving its Objections to Definitions and Instructions, State Farm directs Plaintiffs to the claim files produced as SFCONNECT000001PROD-SFCONNECTPROD001815PROD.

84. Any and all documents regarding the purported insurance claims set forth on the documents produced by State Farm bearing Bates No. SFCONNECT000016PROD-SFCONNECT000020PROD and SFCONNECT00001387PROD-SFCONNECT00001393PROD including but not limited to those involving participants Waris Cowlas, Lori Blake, Ki Khan, Gail Merrifield, Tracy Ingram, Ronald Casselberry, Marcellis Blackwell, Reemuna Livery, Inc., Ireneusz Szopa, Martina Brown, Christian Debonnett, Michelle Debonnett, Bobby Ambrose, Bernard Williams, James Troman, Darryl Shears and Jose Ortiz.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 84 on the grounds that it is overly broad, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request on the ground that it seeks documents that would invade the privacy of individuals involved in other claims who are not parties to this action.

85.     Any and all documents upon which State Farm relied in matching or attributing the purported insurance claims set forth on the documents produced by State Farm bearing Bates No. SFCONNECT000016PROD-SFCONNECT000020PROD and SFCONNECT00001387PROD-SFCONNECT00001393PROD, including but not limited to those involving participants Waris Cowlas, Lori Blake, Ki Khan, Gail Merrifield, Tracy Ingram, Ronald Casselberry, Marcellis Blackwell, Reemuna Livery, Inc., Ireneusz Szopa, Martina Brown, Christian Debonnett, Michelle Debonnett, Bobby Ambrose, Bernard Williams, James Troman, Darryl Shears and Jose Ortiz to the Plaintiffs and each of them.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 85 on the grounds that it is overly broad, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request on the ground that it seeks documents that would invade the privacy of individuals involved in other claims who are not parties to this action.

86.     Any and all documents setting forth criteria upon which the Frequency Search Automatic Match Reports on the documents produced by State Farm bearing Bates No. SFCONNECT000016PROD- SFCONNECT000020PROD and SFCONNECT00001387PROD- SFCONNECT00001393PROD were generated.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 86 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case.

87.     Any and all documents setting forth criteria upon which any and all Frequency Search Automatic Match Reports are generated in connection with claims on home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 87 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature.

88.     Any and all databases or aggregations of data used in connection with algorithmic procedures, commonly known as actuarial risk assessment instruments or predictive analytic tools, that are utilized in connection with the marketing and issuance of home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and on Small Business Insurance and Business Owners Policies issued by State Farm.

**RESPONSE:** In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 88 on the grounds that it is overly broad in both time and scope, unduly burdensome, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature, and objects that this Request seeks the production of confidential business information and/or trade secrets of State Farm.

89.     Any and all documents setting forth ZIP Code as a criteria for determinations of the payment or denial of claims upon home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and upon Small Business Insurance and Business Owners Policies issued by State Farm.

48

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 89 on the grounds that it is overly broad in both time and scope, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature. Subject to and without waiving these objections, State Farm responds that it has no documents responsive to this Request.

90.　Any and all documents setting forth ZIP Code as a criteria for the marketing and issuance of home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and Small Business Insurance and Business Owners Policies issued by State Farm.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 90 on the grounds that it is overly broad in both time and scope, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature.

91.　Any and all documents setting forth race as a criteria for determinations of the payment or denial of claims upon home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and upon Small Business Insurance and Business Owners Policies issued by State Farm.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 91 on the ground that it is overly broad in both time and scope. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative

members of the proposed, uncertified class, on the ground that such discovery is premature. Subject to and without waiving these objections, State Farm responds that it has no documents responsive to this Request.

92.    Any and all documents setting forth race as a criteria for the marketing and issuance of home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and Small Business Insurance and Business Owners Policies issued by State Farm.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 92 on the grounds that it is overly broad in both time and scope and seeks documents that are not relevant to the claim or defense of any party. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature. Subject to and without waiving these objections, State Farm responds that it has no documents responsive to this Request.

93.    Any and all documents setting forth race as a criteria for sending claims upon home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and Small Business Insurance and Business Owners Policies issued by State Farm, to the SIU.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 93 on the ground that it is overly broad in both time and scope. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature. Subject to and without waiving these objections, State Farm responds that it has no documents responsive to this Request.

50

94.     Any and all documents setting forth ZIP Code as a criteria for sending claims upon home and property insurance issued by State Farm, including but not limited to Homeowners Insurance, Condo Unit owners Insurance, Renters Insurance and Rental Property Insurance, and upon Small Business Insurance and Business Owners Policies issued by State Farm, to the SIU.

**RESPONSE**: In addition to its Objections to Definitions and Instructions, State Farm objects to Request No. 94 on the grounds that it is overly broad in both time and scope, seeks documents that are not relevant to the claim or defense of any party, and is not proportional to the needs of the case. State Farm further objects to this Request to the extent it seeks discovery concerning claims of putative members of the proposed, uncertified class, on the ground that such discovery is premature. Subject to and without waiving these objections, State Farm responds that it has no documents responsive to this Request.

Dated: August 19, 2020

/s/ Sondra A. Hemeryck
Sondra A. Hemeryck
Mariangela M. Seale
Sarah E. Finch
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison St., Suite 2900
Chicago, IL 60602
Tel: 312-471-8700
Fax: 312-471-8701
shemeryck@rshc-law.com
mseale@rshc-law.com
sfinch@rshc-law.com

*Attorneys for Defendant State Farm Fire & Casualty*

**CERTIFICATE OF SERVICE**

I, undersigned counsel, certify that on August 19, 2020, I served a copy of the foregoing

document by e-mail, to the following:

Kenneth Anspach
Anspach Law Office
111 West Washington Street
Chicago, Illinois 60602
(312) 407-7888
ken@anspachlawoffice.com

/s/ Sondra A. Hemeryck